## Hezekiah Dunham v. R. M. Forbes.

Where the party holding the affirmative of the issue has examined a witness, and the party holding the negative has closed his testimony, if the former again offers the witness to testify upon the same points concerning which he had first been examined, it is very proper for the judge to exclude him. The testimony, if in rebuttal of that introduced by the other party, would be undoubtedly admissible.

It is the duty of a party complaining that a right has been denied him on the trial, to take such a bill of exceptions as will show to this court precisely what he proposed to do, and what the judge refused to permit him to do. This court will presume the statements contained in the bill of exceptions to be true.

Appeal from Lavaca.   Tried below before the Hon. Fielding Jones.

This was a suit for the trial of the right of property, wherein R. M. Forbes was the plaintiff and M. T. Dunham defendant in execution; to satisfy which, amounting to $762 96-100, a negro boy named Lewis was levied on, in the possession of and as the property of said Dunham.  Hezekiah Dunham made claim to the negro according to the terms of the statute regulating the trials of the right of property.

The burden of proof being on the claimant, he introduced and examined as a witness John Dunham, who testified "that the negro boy was born on the premises of the claimant, and was and had always been the property of said claimant, who had always exercised acts of ownership over the boy; and that M. T. Dunham had always disclaimed ownership."

The plaintiff then introduced a witness, who testified that he had seen the boy three years before the levy, on the premises of M. T. Dunham; that he was not positive as to the ownership, but said Dunham had exercised acts of ownership over the slave from that time up to the date of the levy, and believed that the boy had made his home with him during that period.   He also stated, that during that time he had seen him at the house of the claimant.   The claimant offered to re-examine the said John Dunham,

which was refused for the reasons stated in the bill of exceptions taken by said party, which is as follows:

"Be it remembered, that on the trial of the above named case, the claimant of the negro boy levied on introduced John Dunham as rebutting testimony, which witness was excluded because he had been examined at the commencement of the suit upon the same points, to which ruling the claimant's counsel excepted."

Verdict and judgment for the plaintiff.

The appellant assigned as error that the court "refused to permit the claimant to introduce John Dunham as rebutting testimony, to prove that the defendant had always kept the boy in his possession, and that he only permitted him to go at certain times to the house of M. T. Dunham, the defendant in execution."

W. *Martin*, for the appellant.

*Allen & Hale*, for the appellee.

BELL, J.—It is assigned as error that the court refused to permit the claimant of the property to introduce the witness, John Dunham, a second time, in order to rebut the testimony introduced by the plaintiff in execution. It is undoubtedly competent for the party holding the affirmative of the issue, after the party holding the negative of the issue has closed his testimony, to introduce rebutting evidence, and it is altogether proper, for the purpose of rebutting the testimony introduced by the defendant, for the plaintiff to call a witness who has previously testified in the cause. It is no objection to a witness, when offered for such a purpose, that he has already been examined. But in the case before us, the bill of exceptions states that "the witness was excluded because he had been examined at the commencement of the suit upon the same points."

We must presume this statement to be true. It must have appeared to the judge below, that the witness could only repeat, when called a second time, what he had stated upon his first examination; and if this were so, it was very proper for the judge to decline to listen to a repetition of what had been once said. If

the judge below denied the claimant the right to offer rebutting evidence, then it was the duty of the claimant whose right was thus denied, to take such a bill of exceptions as would show to this court precisely what he proposed to do, and what the judge refused to permit him to do.   With the bill of exceptions which this record contains before us, we cannot believe that the judge below refused to permit the claimant to rebut the testimony offered by the plaintiff in execution, merely because the witness by whom the plaintiff proposed to make such proof had already been examined by the claimant in the opening of his cause.

There is no other question in the case which it is necessary to consider.

The judgment of the court below is affirmed.

Judgment affirmed.