SUSAN D. SIMONTON, ADM'X, v. WM. FORRESTER.

1. The rulings in Ward v. Bledsoe, 32 Texas, 251, respecting the grant of new trials by this court in jury cases, must not be held applicable to the district courts ; and unless these latter tribunals relax the stringency of their practice in respect to according new trials, the ends of justice will constrain this court to rescind its own rule and adopt the liberal principles which should prevail in the district courts.

2. Bills of exception are not entitled to consideration in this court when they fail to conform to the requirements of Rule 27, by stating not only the rulings of the lower court, objected to, but also, and specifically, the grounds of objection there taken. Strong equities, however, may induce this court to waive a strictly technical compliance with this or other rules of practice.

Appeal from Montgomery. Tried below before the Hon. James Masterson.

The details of the case are not necessary to a comprehension of the rulings.

*John C. Easton,* for the appellant.

*John R. Peel,* for the appellee.

WALKER, J.—This action was brought in the district court by Wm. Forrester againgt Susan D. Simonton, as the administratrix of the estate of Robert S. Simonton, deceased, and P. J. Willis & Brother. The cause was tried by a jury upon special issues; the findings are

somewhat indefinite, and are not, perhaps, so exactly responsive to the issues submitted as they should have been.

They were understood by the court, however, to entitle the plaintiff to a verdict in an amount about one-half of that claimed by the plaintiff.

We shall not disturb this verdict, for reasons often given by this court. In Ward & Co. v. Bledsoe & Clarkson, 32 Texas, 251, the court say, "it has been the constant and unvarying practice of this court never to disturb the verdict of a jury if, at the trial, any evidence was adduced on which it could have been found. It is only in cases where the verdict appears at first blush to be palpably wrong, oppressive, unjust, and subversive of legal right, that a court is justified in setting it aside, unless there has been misdirection of the jury by the court."

This language states the rule very strongly in its application to this court, and must not be held to apply to the district courts; and we here take occasion again to remark, that unless the district courts are governed by a more liberal rule in granting new trials, for any and every cause which may be justly and legally assigned, we shall be under the necessity, in order to meet the ends of justice, to abolish the rule as above stated, in our adjudications, and apply the principle which should apply in the *nisi prius* courts.

But in the case at bar, this relaxation of the rule is not invoked, for the verdict is fairly supported by the evidence. Were we disposed to treat the assignments for error as well taken, we should nevertheless hold ourselves excused from considering them, and the more so from the fact that this appeal is brought before us under the management of able and experienced counsel; and yet the record shows a total neglect, in the non-

observance of Rule No. 27, governing bills of exception
to the rulings of the district court; and in order that
the rule may again be brought to the attention of the
profession, and that our reason for declining to give an
opinion on the merits of the exceptions may be clearly
understood, we here recite the rule, to-wit:

"All bills of exceptions to the admission or rejection
of evidence, or taken for any other purpose, must not
only state distinctly the ruling of the court complained
of, but also the ground of objection, specifically and
particularly, as taken in the court below; and any bill
of exceptions not drawn in accordance with this rule
will not be considered by the court."

This rule is but a reannouncement of a rule which
has uniformly governed the practice of this court, and,
we might add, almost every other court of last resort.
(See Dunham v. Forbes, 25 Texas, 23; Scott v. The
State, 25 Texas, Sup., 649; Grimes v. Salmon, 16 Texas,
211; Jones v. Thurmond, 5 Texas, 318; Harlan v. Ba-
ker, Dallam, 578.)

The bills of exception in this case simply tell us that
the court ruled so and so; but under what circum-
stances, what facts were presented, or what principle of
law invoked, we are left entirely to conjecture.

It is intimated that the charge of the court, being six
pages in length, for this and other reasons, is errone-
ous, but in what other respect than for its great length,
we are not informed; and though counsel are somewhat
hypercritical upon this charge, there is no bill of excep-
tions found in the record, even to its length. We are
not disposed strenuously to insist upon a technical ob-
servance of every rule of practice, and especially should
a case present itself in which strong equity should ask
for a relaxation of the rule; but we have examined this
record of ninety pages, without the aid of proper bills

of exception, in order to determine for ourselves whether
such a case was herein presented, and we think there
is not.

The judgment of the district court is affirmed.

AFFIRMED.