## W. H. DIAL V. T. M. COLLINS AND A. POPE, INTERVENOR.

### ON REHEARING.

1. The act of November, 1871, regarding appeals, is inoperative in appeals from interlocutory judgments.

2. The action of the District Court in granting a motion for new trial is not a judgment final from which an appeal can be taken, nor is this rule varied by the fact that two new trials had before been granted the appellee.

3. Distinguished from McKean v. Ziller, 9 Texas, 58; and Warner v. Bailey, 7 Texas, 520.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

The original petition of Dial against Collins was filed October 26, 1865.

The first trial of the case was at the June term, 1868, at which time Dial, as plaintiff, and Collins, as defendant, were the only parties to the suit.

Pope's intervention was filed December 9, 1869, some eighteen months after the first trial and first allowance of a new trial to Collins.

The second trial as to Collins, but first trial as to Pope, was at the June term, 1871; verdict rendered June 16, 1871. Judgment followed against defendant Collins and intervenor Pope, but, on their separate motions, a new trial was separately granted to each of them, which new trial was the second one granted to Collins, but the first granted to Pope.

The third trial as to Collins, being the second one as to Pope, was had at the February term, 1872, the verdict being rendered February 20, 1872. Judgment again followed against both Collins and Pope, and again they made separate motions for another new trial, which were granted. The new trial thus allowed, and now appealed from, was the second as to Pope, the intervenor, though the third as to Collins, the defendant.

Among the causes for new trial the following were stated:

1. Because the verdict of the jury is contrary to the law and evidence.

2. Because the verdict of the jury is contrary to the charge of the court.

*McKay & Blackburn*, for appellant.—The ruling of the court below was a positive error of law. The statute

(Paschal's Digest, Article 1470) expressly declares that "not more than two new trials shall be granted to either party in the same cause, except the jury have been guilty of some misconduct or erred in matter of law." It will be seen by a review of the motion for new trial that no misconduct on the part of the jury is charged, and, from a review of the charge of the court, that no question of law was submitted to them. Their verdict is but a categorical statement of the facts found to be true; hence they, the jury, could not have erred in a matter of law. This court has repeatedly decided that these statutes in regard to granting new trials are mandatory, and must be obeyed; and that unless the statute is strictly complied with, the court has no jurisdiction of the motion, and no right or power to hear or grant the same. (Warner v. Bailey, 7 Texas, 520; McKean v. Ziller, 9 Texas, 59; Bass v. Hays, 38 Texas, 128, and Gill v. Rogers, present term.)

We hold that, under the statute, the judgment entered upon this third verdict for the plaintiff was a final judgment, and the court has no further jurisdiction of the case except to enforce the judgment by final process, unless the "jury had been guilty of some misconduct or erred in some matter of law."

We would ask the court to review its decision in refusing to allow appeals from interlocutory judgments. The right of appeal to the appellate court is a constitutional right which cannot be lost from any failure of the Legislature to act or from any decision of the courts.

The intervenor's motion has no merits, for he will not be heard to delay the case. (Eccles v. Hill, 13 Texas, 67.)

We ask this court to set aside the order granting a new trial and award execution.

*Jackson & Jackson*, for appellee, Pope.

McADOO, J.—Article 1470, Paschal's Digest, reads as follows: "New trials may be granted in all civil cases, on such terms and conditions as the court may direct, but not more than *two* new trials shall be granted to either party in the same cause, except the jury have been guilty of some misconduct, or erred in matter of law."

This cause has been three times tried before juries, on each trial the jury returning a verdict for the plaintiff in almost the same identical amount, and each judgment has been by the court below set aside, and new trial granted.

On the last trial, the verdict of the jury was rendered on special issues of fact, no matter of law being submitted to them by the court as a basis of verdict.

The defendant moved for a new trial. In his motion therefor, no misconduct of the jury nor error committed by the jury in any matter of law was alleged in the motion.

In order to have carried the application for a third new trial out of the terms and spirit of the statute above quoted, we think it devolved on the defendant in his motion to set forth some specific acts of misconduct, or some specific error or mistake of law committed by the jury. This he did not do, and in granting a third new trial to the defendants, without such misconduct or error of law by the jury, the court erred.

The rule laid down in the statute is not directory, it is mandatory.

No discretion is left to the court unless the motion comply with the statute.

The order of the court, therefore, granting the new trial on the third application was a nullity.

When the plaintiff entered his motion to vacate the order granting the third new trial, and praying that execution be awarded, this motion should have been granted.

Ordinarily the granting of motions for new trial is to determine by a sound discretion of the court. This rule,

however, is not absolute. When, as in this case, a mandatory rule is laid down in the statute, it must be followed. In McKean v. Ziller, 9 Texas, 59, where a motion for a new trial was held under advisement until the next term of the court, and a new trial was granted at the next term, this court held that the statute requiring all motions for new trials to be acted on during the term at which the trial was had was peremptory and must be obeyed, and that an order granting a new trial on mere motion, at the next term, was a nullity. In that case, as in this, a motion was made by the plaintiff to dismiss the case from the docket, and that execution be awarded on the judgment rendered on the verdict of the jury.

The court overruled the motion, and the cause was brought to this court on error.

Justice Wheeler, delivering the opinion of the court, said : " We are of opinion the court erred in refusing to set aside the proceedings subsequent to the judgment and award execution, and that the judgment therefore be reversed, and such judgment be rendered as the court below ought to have rendered."

The judgment of the District Court is reversed and the proper judgment rendered here in accordance with this opinion.

REVERSED AND RENDERED.

Opinion delivered October 7. 1873.

A rehearing was granted.

ON REHEARING.

*McKay & Blackburn*, for appellant.—The practice of allowing intervention in suits between third parties has been brought into our peculiar system from the civil law. We have no statutes upon the subject and but a few decisions, yet enough has been decided to settle this case.

In the case of Eccles v. Hill, 13 Texas, 67, the court says :
"The rules in regard to the plea of intervention are (at
least some of them) not well settled.   There is· no doubt
that, under our system, which abhors a multiplicity of
suits, a third party may intervene in a suit between others
for the protection of his own rights.   But this cannot be
permitted where it would retard the principal suit so as to
operate injustice to others."   (Also, Smalley v. Taylor,
33 Texas, 669.)   Same doctrine is held in the State of
Louisiana, from which we borrowed the practice.   (Code
of Practice, Art. 391 ; Walker v. Dunbar *et al.*, 7 Mar-
tins, N. S., 587 ; 2 La. An., 271, 755 ; 4 La. An., 544 ;
12 La. An., 640.)   The intervenor admits that we have
a final judgment against defendant Collins.   That being
true, is also conclusive of his case, for it is a well set-
tled rule of practice that the plea of intervention must
be decided by the same court and at the same time as the
principal suit is decided ; and that after final judgment
between the principal parties, sustained by the court, a
party who has voluntarily intervened in a case will not
be allowed to delay the plaintiff in his execution, but will ·
be held to abide by the decision of the principal suit.

*Jackson & Jackson*, for appellee, Pope.—1. This court ··
(in its opinion) has erroneously and mistakenly assumed
that this intervenor has already been granted two new
trials in the court below, besides the one now appealed
from—the truth being, that the new trial now appealed
from is only the second new trial ever granted to this in-
tervenor, as an inspection of the record will make fully
manifest.

2. The fact being as above stated, the granting to this
intervenor of the second new trial (now appealed from by
plaintiff below) is only an interlocutory judgment, which
will not be revised by this court; and, therefore, so far
as this intervenor is concerned, there is nothing in this
record of which this court can take cognizance.

3. The judgment of this court as it now stands deprives this intervenor of the second new trial granted to him by the court below in the lawful exercise of its judicial discretion—a matter not appealable to this court, nor revisable by it.

4. There is no final judgment in the record against this intervenor, however final the last judgment may be as against the defendant, Collins, whose rights, and interests, and liabilities in this suit are wholly distinct from and independent of those of this intervenor.

The intervenor not being at all prejudiced by the statute cited in the opinion (Paschal's Digest, Art. 1470), the rule applies which is stated in Goss v. McClaren, 17 Texas, 115, thus: "In ordinary cases the judge has a discretion to grant a new trial whenever, in his opinion, wrong and injustice have been done by the verdict; and it is upon this ground that courts have refused to interfere to revise the granting of new trials." (See also Von Harten v. Courtade, 35 Texas, 434; Simonton v. Forrester, 35 Texas, 584; and Owens v. The State, 35 Texas, 362-3; also, 6 Texas, 39; 12 Texas, 180.)

DEVINE, ASSOCIATE JUSTICE.—This appeal is taken from the overruling of appellant's motion to dismiss appellees' motion for a new trial, and the granting the motions for a new trial asked by defendant and intervenor.

The fifth and sixth assignments of error by appellant are all that are necessary to be noticed. They are as follows:

"The court erred in overruling plaintiff's motion to dismiss the motions for a new trial by defendant and intervenor;" and that "the court erred in setting aside the verdict of the jury and the judgment rendered thereon, at said February term of said court, 1872, and granting a new trial to the defendant and intervenor; for that two new trials had already been granted to the defendant, and

one to the intervenor, and this when the jury had been guilty of no misconduct and had not erred in any matter of law," etc.

Whatever cause of complaint (if any) may exist in reference to the overruling plaintiff's motion to dismiss the defendant's and intervenor's motions for a new trial, and the granting a new trial, it cannot be heard on this appeal. The action of the court on the motions for and in opposition to a new trial is not a judgment final, or in the nature of one that can in this form be inquired into in this court. The cases cited in appellant's brief have no application to the present one; they were cases where the verdict and judgment had been examined and set aside at a term of the court subsequent to the one at which the judgment was rendered.

This appeal was evidently taken under the provisions of the act of November, 1871. This court, at the December term, 1872, in the case of De Forest, Armstrong & Co. v. Charles Miller, 37 Texas, 389, decided that the law referred to was so inoperative as not to sustain or justify the taking of appeals, in advance of a final judgment, from interlocutory judgments, orders, or decrees.

There being no final judgment in this cause, the appeal is dismissed.

DISMISSED.