JOHN B. DANDRIDGE ET AL. v. E. F. MASTERSON.

No. 2340. Decided December 23, 1912.

**Affirmance on Certificate—Jurisdiction of Trial Court.**

Where a motion to affirm on certificate is accompanied with a certificate as prescribed by article 1610, Revised Statutes, 1911, showing the judgment rendered, notice of appeal, and an appeal bond filed within the time prescribed by law, it should be granted. The statute does not require and it is not necessary that appellee show that the case was one within the jurisdiction of the trial court. Houston & T. C. Ry. Co. v. Greenwood, 40 Texas, 367, followed.

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Reeves County.

*J. A. Buck* and *B. B. Trammell*, for appellees.—Appellee was entitled to have the judgment of the District Court of Reeves County affirmed without reference to the merits, upon presentation, after the time allowed by law within which appellants could file their record, on certificate and motion in compliance with the rule and decisions, it also appearing that the certificate contained the requisites prescribed by statute, was presented in due time, and that the record had not theretofore been filed. Houston & T. C. Ry. Co. v. Green-

wood, 40 Texas, 361; House & Co. v. Williams, 40 Texas, 347; Perez v. Garza, 52 Texas, 571. That the statute governing such motions then is in all respects similar to our present statute: Laughlin v. Dabney, 86 Texas, 120; Sup. Council v. Anderson, 36 Texas Civ. App., 615. For the statute: Art. 1016.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Honorable Court of Civil Appeals of the Second District has submitted to this court the following statement and questions:

"In the foregoing cause appellee, E. F. Masterson, filed in this court on September 11th, of this year, his motion to affirm the judgment on certificate of appeal duly perfected, which motion we refused on October 14th, because the record 'did not affirmatively show that the trial court had jurisdiction of the subject matter.' On October 24th thereafter appellee filed his amended motion for affirmance on certificate, accompanying the same with a transcript duly certified by the clerk of the District Court of Reeves County, where this cause originated, showing, as he did in his original transcript on the first motion to affirm, the judgment of the court, notice of appeal, appeal and supersedeas bond filed within the time required by law, and also the plaintiff's original petition showing a cause over which the District Court had jurisdiction. The transcript accompanying the original motion to affirm on certificate did not contain the original petition, nor did it otherwise affirmatively show that the District Court had jurisdiction of the cause. On November 4th we overruled this motion for a rehearing and to affirm on the corrected certificate and transcript because of amended Rule 22 for the Courts of Civil Appeals set forth in the opinion rendered in Houston & T. C. Ry. Co. v. Parker, 135 S. W., 369. On November 18th appellee presented his motion for leave to file a second motion for rehearing (and such leave has been granted) in which we are asked to certify to your Honors the questions hereinafter set forth upon the ground that our decision is in conflict with numerous other cases reported wherein the Supreme Court and Courts of Civil Appeals have affirmed causes on certificates accompanied by transcripts which did not show affirmatively that the trial court had jurisdiction of the subject matter. It appears to be true that many cases have been affirmed under such circumstances and whether our decision in this cause where the matter is expressly decided is in conflict with those decisions where the point was not discussed, we need not discuss, since aside from this we deem it advisable to certify the question of practice because of its constant recurrence before us. The authorities and reasoning upon which we held that in no case would this court affirm a judgment where the transcript did not affirmatively show that the trial court had jurisdiction will be found in American Soda Fountain Co. v. Mason, 119 S. W., 714; Ware v. Clark, 125 S. W., 618. We, therefore, certify the following:

"First. Did we err in refusing to affirm on the certificate filed for its defect in the particular pointed out, it being otherwise in compliance with the statute?

"Second. If not, then did we err in applying amended Rule 22

for the Courts of Civil Appeals to a proceeding seeking an affirmance on certificate under the statute, or in other words, does amended Rule 22 relate only to the correction of transcripts in causes regularly appealed?"

---

We answer that the Court of Civil Appeals erred in refusing to affirm the judgment on the certificate first filed.

The statute reads:

"Art. 1610. In case the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then it shall be lawful for the appellee or defendant in error to file with the clerk of said court a certificate of the clerk of the District or County Court in which any such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when such appeal was perfected or such citation was served; whereupon, it shall be the duty of the Courts of Civil Appeals to affirm the judgment of the court below, unless good cause can be shown why such transcript was not filed by the appellant or plaintiff in error. If a copy of the bond accompanies such certificate of the clerk of the District or County Court, the judgment shall, in like manner, be affirmed against the sureties on such bond." (Rev. Stat., 1911.)

The authority of the Court of Civil Appeals is given by that article alone and its terms are plain and simple. The copy of the judgment of the trial court, notice of appeal and bond as represented were a full compliance with the law, and the Court of Civil Appeals was required by law to perform an act summary in its character which called for the exercise of neither judgment nor discretion.

In Houston & T. C. Ry. Co. v. Greenwood, 40 Texas, 367, Chief Justice Roberts made an exhaustive review of the cases in our courts and announced the conclusion in this language: "After a full consideration of the subject practically, and in view of a long line of precedents with but little variation for more than twenty years under that statute, it is deemed appropriate to state the rule, as we now understand it to be, that in order to give this court jurisdiction in cases of appeal brought up on certificate, whenever the transcript does not contain copies of the proceedings sufficient in and of themselves to show that this court has jurisdiction of the case, then the transcript must at least contain a copy of the judgment and a certificate of the clerk stating the 'time when the appeal was perfected;' and in cases of writ of error, stating 'the time when the citation in error was served' on the defendant, or service of it acknowledged or waived, in substantial compliance with the statute previously quoted, upon which this proceeding is found. Under this rule the transcript, presenting as it does a copy of the judgment, and of the appeal bond, and a certificate of the clerk stating that 'the appeal was perfected in said cause on the twenty-seventh day of November, 1873' (according to the terms of the statute), is sufficient, as it has often been before held, to authorize a judgment of affirmance by this court."

The things to be shown by the certificate are, (1) that a final judgment has been entered by the trial court for a given sum; (2) that

an appeal has been taken or writ of error sued out, and (3) that the transcript has not been filed in the Court of Civil Appeals as required, which gives jurisdiction to the Court of Civil Appeals. The jurisdiction of the trial court is not an issue in this proceeding.

This proceeding was intended to give to the appellee or defendant in error the means to force the opposite party to diligence in prosecuting an appeal or writ of error, and to foreclose a future resort to writ of error after neglecting to prosecute an appeal.