CLIFF P. BROWN v. MRS. A. D. HOOKS.

No. 4862. Decided November 2, 1927.
(299 S. W., 228).

*Woods, John & Cox,* for appellee, in support of motion to affirm on certificate, cited and discussed Dandridge v. Masterson, 105 Texas, 511.

*Heldingsfelder, Kahn & Branch* and *Samuel Schwartz,* for appellant, on motion to dismiss certificate, refuse affirmance thereon, and take jurisdiction on writ of error, cited: Art. 1841, Rev. Civ. Stats. of Texas, 1925; Rule 11a for the Court of Civil Appeals; Bird v. Lester, 163 S. W., 658; Sloan v. McMillan, 113 S. W., 587; Frazier v. Coombs, 251 S. W., 820; Schloss v. Atchison, etc. R. R. Co., 23 S. W., 392; Pryor v. Krause, 150 S. W., 972; Calvert v. Walker, 3 Texas, 14; McCord v. Hubbard, 90 S. W., 524.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified Questions from the Court of Civil Appeals for the First District. The material parts of the certificate are as follows:

"In a suit brought by appellant against appellee in a District Court of Harris County judgment was rendered in favor of appellee that appellant take nothing by his suit, and that appellee recover of appellant all costs of the suit.

"This judgment was rendered on July 6, 1926. Appellant excepted to the judgment, gave notice of appeal to this court, and perfected his appeal by filing an appeal bond on July 27, 1926.

"No transcript in the case having been filed, the appellee, on November 5, 1926, filed a motion for affirmance on certificate under the provisions of Art. 1841, Revised Statutes (1925). Accompanying the motion there is a certificate of the clerk of the trial court showing 'the time when and how the appeal was perfected.' This certificate contains a copy of the judgment and of the appeal bond filed by appellant, and shows the dates on which the term of the trial court began and ended and the dates on which the judgment was rendered and the appeal bond filed. The certificate does not affirma-

tively show that the suit was one of which the trial court had jurisdiction. * * *

"At a former day of this term, following the case of Masterson v. Dandridge, 105 Texas, 511, we overruled appellant's exceptions to the certificate and granted the motion to affirm. A motion for rehearing is now pending before us, and in view of a conflict between our holding, refusing to dismiss the certificate, and the holding by other Courts of Civil Appeals in the cases of Bird v. Lester, 163 S. W., 658, and Frazier v. Coombs, 251 S. W., 820, we respectfully certify for your decision the following questions:

"1. Does the jurisdiction of this court to grant a motion to affirm on certificate depend upon an affirmative showing by the certificate that the trial court had jurisdiction of the case?

"2. Is Rule 11a for the Courts of Civil Appeals, in so far as it adds to the provisions of Art. 1841, Revised Statutes, prescribing what shall be shown in the certificate accompanying a motion to affirm for failure to perfect an appeal, a valid exercise by the Supreme Court of the authority given that court by the statute to promulgate rules for the Courts of Civil Appeals?"

The provisions of Art. 1841 of the Revised Civil Statutes, so far as relevant, read as follows:

"If the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then the appellee or defendant in error may file with the clerk of said court a certificate of the clerk of the district or county court, in which such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when and how such appeal was perfected or such citation was served; whereupon the Court of Civil Appeals shall affirm the judgment of the court below, unless good cause can be shown why such transcript was not so filed."

That jurisdiction in a proceeding under this statute does not depend upon a showing of the trial court's jurisdiction in the case, is definitely settled by the decision in the case of Dandridge v. Masterson, 105 Texas, 513. Whether the judgment thus sought to be affirmed is or is not for the recovery of a given sum is a matter of no importance in determining the jurisdiction of the appellate court. For the amount of recovery in the judgment is no more a test of the appellate court's jurisdiction in this proceeding than it is of the trial court's jurisdiction to render the judgment.

This brings us to a consideration of the second question that is certified.

Rule 11a as promulgated by the Supreme Court for Courts of Civil Appeals reads in part as follows:

"When affirmance is asked upon certificate filed, there need be nothing more than a request for affirmance, signed by the party or his counsel; but such request shall be accompanied by a transcript of the record of the proceedings in the trial court sufficient to show that such trial court had jurisdiction of the subject-matter and parties."

Authority to promulgate rules of court is conferred upon the Supreme Court by Sec. 25, of Art. 5, of the Constitution, in the following words:

"The Supreme Court shall have power to make and establish rules of procedure, not inconsistent with the laws of the State, for the government of said court and the other courts of this State, to expedite the dispatch of business therein."

The scope of authority of the Supreme Court, under this constitutional provision, does not include the modification of the jurisdiction of any court as it is fixed by statute or by the Constitution. Nor does Art. 1731 of the statutes purport to confer authority in that respect.

In so far, then, as the above rule of court should be construed as undertaking to make the jurisdiction of the Court of Civil Appeals in a proceeding under the statute above quoted depend upon an affirmative showing of jurisdiction in the trial court to render the judgment sought to be affirmed, the rule, to that extent, would be "inconsistent with the laws of the State," and, therefore, inoperative.

The above court rule was promulgated by the Supreme Court on January 24, 1912, and was, therefore, in existence on December 23, 1912, when the decision in the case of Dandridge v. Masterson, supra, was made. It is to be assumed that the court, in rendering such decision, did not regard the rule as militating against their holding in that case.

We recommend that both certified questions be answered "No."

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.