RADFORD et al. v. RADFORD.

Motion No. 5219.

Court of Civil Appeals of Texas. Texarkana.

Sept. 24, 1931.

Robert E. O'Keefe, of Longview, for appellants.

E. M. Bramlette, of Longview, and Walace Hawkins, of Dallas, amicus curiæ.

Houtchens & Houtchens, of Fort Worth, for appellee.

LEVY, J. (after making the statement above).

In virtue of article 1841, R. S., the motion filed will be granted, asking affirmance of the judgment as entered in cause "No. 7526," which was a judgment refusing to vacate and set aside the divorce decree theretofore rendered in cause "No. 7185."

In this matter it will be noted that on this day the decree of divorce in the writ of error proceeding in cause "No. 7185" was by this court affirmed. 42 S.W.(2d) 1060. By express terms of statute there is allowable to a party to the suit, as a legal right, the remedy of writ of error, as one of two modes for the review and revision by the appellate court of a judgment rendered in the district and county courts. Such remedy is made a continuing one for six months from the date of the judgment. Article 2255, R. S. The appellate court, when the writ of error is sued out and perfected, thereby acquires active and exclusive jurisdiction over the case. The writ of error being sued out and perfected within the statutory time in this case, the appellate court would have jurisdiction to review and revise the original divorce decree although the plaintiff John Radford had filed an independent suit and prosecuted it to judgment to review and vacate the divorce decree before the six months time allowed to sue out a writ of error had expired. John Radford's right to such writ of error would not necessarily, as a matter of law, have been foreclosed and barred by reason of the independent suit. The question is not before us now for ruling of whether or not John Radford was barred of his right to have the judgment in the independent suit also reviewed, although such judgment is shown to have been rendered at a time before the six months had expired in which to sue out a writ of error in the original divorce decree. The jurisdiction of the trial court to render the judgment cannot be considered on the motion to affirm on certificate. Dandridge v. Masterson, 105 Tex. 511, 152 S. W. 166; Brown v. Hooks, 117 Tex. 155, 299 S. W. 228. The present affirmance of the two respective judgments has the final result to make consistent, and not inconsistent or conflicting, decrees in the very same subject-matter. By the terms of both decrees the divorce stands valid and legally existing.

The affirmance on certificate is granted.