### SMITH v. NORRIS et al. *
### No. 12724.

Court of Civil Appeals of Texas. Fort Worth.
Dec. 5, 1931.

Rehearing Denied Jan. 23, 1932.

D. B. Chapin, of Gladewater, for plaintiff in error.

Cantey, Hanger & McMahon, of Fort Worth, for defendants in error.

### DUNKLIN, J.

By motion for rehearing, plaintiff in error insists that this court was without jurisdiction to grant the motion of defendants in error to affirm the judgment of the trial court on the certificate of the clerk of that court, as was done. The certificate was in due form, and recited that all of the defendants in error had either been served with citation in error or else waived service, and that the last service of citation was made on April 22, 1931.

The motion to affirm on certificate was filed November 7, 1931, and, after counsel for plaintiff in error had been notified of such filing, he filed a motion in this court for leave to file the transcript from the trial court. That motion was filed here November 17, 1931, and was overruled on December 15, 1931, and on the date last noted the motion to affirm on certificate was granted and the judgment of the trial court affirmed. In that motion, the following was alleged as a ground for granting it:

"The delay in filing said transcript within the statutory time was occasioned by the excusable neglect of D. B. Chapin, then and now, the attorney for plaintiff in error, as hereinafter more fully shown.

"The delay in filing said transcript within the statutory time was not the result of willful neglect of said D. B. Chapin, but was the consequence of misplaced confidence that ordinary prudence would not guard against, as hereinafter more fully shown.

"He has a good and reasonable excuse for the delay in filing said transcript, as is hereinafter shown.

"And, in connection with these, he shows the court that at all times since the institution of said suit he has resided in Lipscomb County, Texas; is a farmer and unfamiliar with court procedure and relied, absolutely, on his attorney to look after said case;

---

*Writ of error granted.

that his said attorney removed from Fort Worth on the ——— day of March, 1931, and since then has resided at Gladewater, Texas; that the clerk of the court below completed said transcript on the 28th day of July, 1931, and since then the same could have been filed; that prior to the completion of said transcript said clerk of the court below agreed with said Chapin to file said transcript, when completed, in this court; that after said transcript had been completed said clerk advised said Chapin that said transcript had been filed in this court; that said Chapin did not learn that said transcript had not been filed in this court until so advised by the clerk of this court by letter dated the 7th day of November, 1931."

The motion was duly verified by the attorney for plaintiff in error.

The transcript which accompanied the motion of plaintiff in error to file the transcript and which was overruled on December 15, 1931, shows copies of the issuance of citation to all of the defendants in error and due service thereon on all of them except Sarah A. Vestal, but no written waiver by Sarah A. Vestal appears in the transcript. Plaintiff in error now insists that the absence of a waiver by Sarah A. Vestal in the transcript impeaches the certificate of the clerk that there had been a waiver by her, citing in support thereof article 2281 of the Revised Civil Statutes; and that, although the joining of Sarah A. Vestal in the motion to affirm on certificate was in effect a waiver of service, yet such waiver did not take effect until the filing of that motion on November 7, 1931. It is then pointed out that by article 1839 plaintiff in error had ninety days after such appearance by Sarah A. Vestal within which to file the transcript here, and that under the provisions of article 1841 the judgment could not be affirmed on certificate until after the expiration of that ninety-day period. And for that reason it is insisted that this court had no jurisdiction to grant the motion to affirm on certificate.

In Dandridge v. Masterson, 105 Tex. 511, 152 S. W. 166, it was decided that, when the motion to affirm on certificate is in compliance with the provisions of article 1841 of the statutes, accompanied by the certificate therein required, the judgment must be affirmed, and the court is without authority to refuse it, even upon the showing that the trial court had no jurisdiction to determine the case.

When the judgment was affirmed on certificate in this case, the transcript of the record from the trial court, to which plaintiff in error now calls our attention, had not

been filed; nor was there any answer to the motion to affirm on certificate further than the motion of plaintiff in error for leave to file the transcript noted above. In that motion for leave to file the transcript, our attention was not called to the failure of the transcript to embody a copy of waiver of service of citation by Sarah A. Vestal as well as copies of citations and service thereon to the other defendants in error. Nor were we required to examine the transcript then tendered to discover that fact; and especially so in view of the fact that the motion for leave to file the transcript which was considered in connection with the motion to affirm on certificate expressly assumed that plaintiff in error had failed to file the transcript in time to prevent a dismissal of the writ of error or an affirmance on certificate. Furthermore, he expressly alleged that, upon application of plaintiff in error, the clerk of the trial court had prepared and completed the transcript on July 28, 1931. The certificate of the clerk of service and waiver was in statutory form, and the motion for affirmance was in all other respects in accordance with the provisions of the statutes for affirmance on certificate. Article 1841, providing for affirmance on certificate, does not require the certificate of the clerk to embody copies of citations in error and service thereof and of waiver of service, but only requires that the certificate shall state "the time when and how such appeal was perfected or such citation was served."

Accordingly, we have reached the conclusion that the objection now made for the first time to the certificate of the clerk of the trial court for affirmance has been waived by plaintiff in error, and his attempt to impeach that certificate comes too late. In this connection it is to be noted that by article 1841 the jurisdiction of this court to affirm on certificate is expressly given when the certificate therein prescribed is presented; and the objection now made by plaintiff in error pertains to procedure and is not a question of jurisdiction proper. Brown v. Hooks, 117 Tex. 155, 299 S. W. 228.

The motion for rehearing now under consideration also embodies a second application for leave to file the transcript, but the only ground alleged for that second motion was the failure of a showing in the transcript tendered of a copy of waiver of service by Sarah A. Vestal, that motion being incidental to the main motion to set aside the judgment of affirmance.

Accordingly, the motion for rehearing is overruled in its entirety.