## ANGELO et al. v. HOLLAND TEXAS HYPOTHEEK BANK OF AMSTERDAM, HOLLAND, et al.

### No. 2308.

Court of Civil Appeals of Texas. Beaumont.
July 6, 1932.

Rehearing Denied Sept. 14, 1932.

Alfred DuPerier, of Beaumont, for plaintiffs in error.

Howth, Adams & Hart, of Beaumont, for defendants in error.

LAWHON, J.

The Holland Texas Hypotheek Bank of Amsterdam, Holland, recovered judgment in the district court of the sixtieth judicial district of Jefferson county, Tex., on the 20th day of April, 1931, against Charles Angelo in the sum of $4,023.63, with interest at the rate of 8 per cent. per annum, and in the judgment foreclosure of a mechanic's, materialman's, builder's, and contractor's lien against lot 12, block 19 of the Jirou addition to the city of Beaumont was ordered as against the defendants Mary B. Angelo, Charles Angelo, Mary Ackery Angelo, L. Toplitz, E. N. Bosby, and Annie Bosby. In the same judgment L. Toplitz was given judgment against Charles Angelo and E. N. Bosby for

the sum of $1,210 and a vendor's lien was ordered foreclosed as against the same lot, to wit, lot No. 12, block 19 of the Jirou addition to the city of Beaumont, as against the said Charles Angelo and Mary Ackery Angelo, Mary B. Angelo, E. N. Bosby, and Annie Bosby. It was decreed in this judgment that the lien of L. Toplitz was secondary to that of the lien of Holland Texas Hypotheek Bank. Charles Angelo and Mary B. Angelo excepted to the judgment and gave notice of appeal.

On the 10th day of August, 1931, Charles Angelo and Mary B. Angelo filed in the district court of the sixtieth judicial district of Jefferson county their petition for a writ of error to the Court of Civil Appeals, and, on the same day, filed their writ of error bond in something more than double the amount of the judgment in favor of Holland Texas Hypotheek Bank, and the judgment in favor of L. Toplitz and the estimated amount of costs. Jas. V. Polk and J. W. Angelo were sureties on this bond. On the date of filing the petition and bond, citation in error was issued by the district clerk of Jefferson county, and was on that date served on the Holland Texas Hypotheek Bank and L. Toplitz. On the 1st day of June, 1932, L. Toplitz, filed in this court a certificate, together with a petition that this court affirm the judgment in his favor on certificate. This court granted his motion on the 23d day of June, 1932. Jas. V. Polk, one of the sureties on the writ of error bond, and E. N. Bosby, one of the defendants, have filed a motion to set aside the judgment of this court affirming the cause on certificate, and on July 8, 1932, the same parties presented a transcript with a motion that they be allowed to file the same and that the case be heard on its merits. We have both these motions before us.

In the motion to set aside the order affirming this cause, it is urged that the sixtieth district court of Jefferson county, Tex., was without jurisdiction of either the subject-matter of the suit or of the defendants Charles Angelo and E. N. Bosby, because L. Toplitz had brought suit in the fifty-eighth district court of Jefferson county, Tex., by a separate suit from that filed by the Holland Texas Hypotheek Bank in the sixtieth district court and that the suits were never consolidated and there was no order consolidating the causes and that no pleading had been filed in the sixtieth district court against Charles Angelo and his wife, Mary Angelo, his mother Mary Ackery Angelo, nor against E. N. Bosby and wife which would justify the judgment rendered. In the certificate filed by L. Toplitz there is shown a copy of the plaintiff's original petition filed by Holland Texas Hypotheek Bank, seeking

judgment on a note and a foreclosure of a mechanics', materialman's, contractor's, and builder's lien on the lots hereinabove mentioned. This showed sufficient pleading to authorize the judgment rendered in favor of this plaintiff. There is also shown a petition filed by L. Toplitz against E. N. Bosby and wife, Annie Bosby, Charles Angelo and wife, Mary Angelo, and the Holland Texas Hypotheek Bank. This petition was sufficient pleading to authorize the court to render the judgment in favor of L. Toplitz. The caption of this petition shows that it was in the fifty-eighth district court of Jefferson county, Tex. There is a nunc pro tunc order by the district court of the fifty-eighth judicial district reciting that the cause of L. Toplitz against E. N. Bosby et al., had been consolidated by agreement of the parties with the case of Holland Texas Hypotheek Bank v. Charles Angelo et al., pending in the sixtieth district court, and that said order was made on the 14th day of March, 1931, but had not been entered of record, and this order provided that such order of consolidation should be entered as of the date of March 14, 1931. It appears that the nunc pro tunc order was entered on the 26th day of May, 1932. The motion for rehearing and to set aside the order of affirmance contends that this order was a nullity and that the fifty-eighth judicial district court had no authority to consolidate a cause in that court with a cause pending in the sixtieth district court, and that the only order the fifty-eighth district court could enter was to transfer the suit in that court to the other court, and that the consolidation should be made by the judge of the sixtieth judicial district court.

■■ In proceedings for affirmance on certificate, it is not necessary to bring up to this court the pleadings of the parties, and this court has no authority to inquire into the jurisdiction of the trial court. In Dandridge v. Masterson, 105 Tex. 511, 152 S. W. 166, 167, the Supreme Court, in answering certified questions, uses this language: "The things to be shown by the certificate are (1) that a final judgment has been entered by the trial court for a given sum; (2) that an appeal has been taken or writ of error sued out; and (3) that the transcript has not been filed in the Court of Civil Appeals as required, which gives jurisdiction to the Court of Civil Appeals. The jurisdiction of the trial court is not an issue in this proceeding."

In Brown v. Hooks, 117 Tex. 155, 299 S. W. 228, 229, Judge Harvey of the Commission of Appeals said: "That jurisdiction in a proceeding under this statute does not depend upon a showing of the trial court's jurisdiction in the case is definitely settled by the decision in the case of Dandridge v.

Masterson, 105 Tex. 513, 152 S. W. 166." See, also, Radford v. Radford (Tex. Civ. App.) 42 S.W.(2d) 1064.

We think, however, that the transcript showed that the district court of the sixtieth judicial district had jurisdiction to render the judgment. Article 199, Vernon's Annotated Civil Statutes (as amended by the Forty-first Legislature, 1929, c. 84), provides that the fifty-eighth and sixtieth judicial districts shall have and exercise concurrent jurisdiction coextensive with the limits of Jefferson county in all civil cases, proceedings, and matters of which the district courts are given jurisdiction by the Constitution and laws of this state. Article 2092, § 21, Vernon's Annotated Civil Statutes, provides that judges of civil district courts in counties having two or more district courts with civil jurisdiction only, and whose terms continue for three months or longer, may try and determine any case or proceeding pending in another court of such county without having the case transferred. Therefore, the judge of the sixtieth judicial district court had the power to try both cases without having one of the causes transferred.

■ The parties filing this motion have sent up a supplemental transcript which contains a motion to have the order of consolidation nunc pro tunc entered. This motion states that it is signed by all the attorneys of record, including the attorney for E. N. Bosby and wife, Annie Bosby, and Charles Angelo and wife, and it is stated that it was agreed that these causes should be consolidated. If the nunc pro tunc order was ineffective as an order consolidating the two causes, we believe the agreement of the parties that they should be consolidated and the fact that the court entered judgment in both causes is sufficient to show authority of the sixtieth judicial district to try the two cases together. We believe, under the facts and circumstances of this case, the presumption would obtain that the case in the fifty-eighth district court had been transferred and consolidated with the case in the sixtieth district court.

■ In the motion filed by the parties to be permitted to file the transcript, and that the cause be reviewed and heard on its merits; it is stated that the judgment only became complete with the entry of the nunc pro tunc order of May 26, 1932, and that six months have not expired, and it is further stated that the attorney representing Charles Angelo and Mary B. Angelo was not aware of the change in the law whereby it was necessary to file the transcript and statement of facts within sixty days after the judgment, he thinking that he had ninety days in which

to do this. It was recited that the law had been changed and had not been published at that time. In this motion questions of fundamental error in other matters are discussed. These questions could only be disposed of in the event this court should allow the transcript to be filed and hear the case on its merits. Article 1842, Vernon's Annotated Civil Statutes, provides that the court may, within fifteen days after the affirmance of a case on certificate, permit the transcript to be filed by appellant or plaintiff in error and the case to be tried on its merits. But it is provided that appellant or plaintiff in error shall show to the court good cause why the transcript was not filed by him in the time provided by law, and shall give notice to appellee of his intention to apply for such permission. We do not believe any good cause is shown why the transcript was not filed in time. If the fact that the attorney in the case did not know about the change in the law would be a good cause, in any event, certainly there would be no justification in waiting more than a year after the rendition of the judgment before attempting to have the transcript filed, and this was not done until after certificate and motion to affirm had been filed in this court. We hold that the time in which to perfect the writ of error was not affected by the entry of the nunc pro tunc order on May 26, 1932. The judgment was final without this entry. If it had any effect, it only related to matters of procedure and not of jurisdiction.

■ We have dealt with this proceeding under the theory that the parties filing the motions were authorized to seek the relief prayed for. It will be noted that E. N. Bosby did not except to the judgment of the lower court, did not file an application for writ of error, give bond, or take any steps to have the judgment of the trial court reviewed, and certainly he has no right to seek the relief he has in the motions filed in this court. The only right that Jas. V. Polk would have is by reason of being surety on the writ of error bond filed in the trial court. Article 1842 of the Revised Civil Statutes provides that application for permit to file the transcript shall be made by appellant or plaintiff in error, and that the appellant or plaintiff in error shall show the court good cause why the transcript was not filed in time. However, we do not think it necessary to decide whether Jas. V. Polk would be authorized to avail himself of the provisions of this article of the statute.

We think both motions should be overruled, and it is so ordered.