J. B. SMITH v. J. F. NORRIS ET AL.

No. 6210. Decided May 2, 1934.
(70 S. W., 2d Series, 994.)

*D. B. Chapin,* of Gladewater, for plaintiff in error.

The Court of Civil Appeals erred in affirming the judgment of the trial court because the clerk of the district court had agreed with the attorney for the petitioner to file the transcript in the case, when completed, with the clerk of the Court of Civil Appeals; and that he had failed to do so and had made a false certificate that the citations in error had been served or waived; and that said certificate did not set forth essential facts to confer jurisdiction on the Court of Civil Appeals. R. S., 1925, Arts. 1841, 1842, and 2281; Rule 11a for Court of Civil Appeals; Felton v. Seeligson, 265 S. W., 140; Irwin v. Auto Finance Co., 34 S. W. (2d) 672.

*Cantey, Hanger & McMahon,* and *E. O. Mather,* all of Fort Worth, for defendants in error.

The provisions for filing of transcript is mandatory and it can only be filed within 60 days after the perfection of writ of error unless order of extension is granted within the sixty day period. The appeal was perfected when the petition for writ of error and affidavit in lieu of appeal bond were filed. Vineyard v. McCombs, 100 Texas, 318, 99 S. W., 544; Binyon v. Smith, 112 S. W., 138; Lipscomb v. McCart, 295 S. W., 245; R. S., 1925, Arts. 1839, 2267, 2278.

MR. JUDGE RYAN of the Commission of Apeals delivered the opinion for the court.

On October 6, 1930, judgment was rendered by the District Court of Tarrant County, in favor of J. F. Norris and fifteen other defendants in a suit filed by J. B. Smith, plaintiff. Motion for new trial was overruled on February 4, 1931.

Petition for writ of error to the Court of Civil Appeals was filed in the trial court on March 30, 1931, and affidavit in lieu of bond thereon, on April 3, 1931.

On November 7, 1931 (one year, one month and one day after the judgment was rendered in the trial court, nine months and three days after motion for new trial was overruled, and

seven months and four days after affidavit in lieu of bond was filed), no transcript having been filed in the Court of Civil Appeals, defendants in error moved to affirm on certificate under the provisions of Art. 1841, Rev. Stat., 1925.

The District Clerk's certificate accompanying the motion to affirm, contains the following recital, viz: "And on the same date, April 3, 1931, citations were issued to all the defendants, and served upon or waived by all of the defendants, the last service thereof being on the 22nd day of April, 1931, and all such citations returned into this court and are on file herein. Writ of error was thus perfected by the said J. B. Smith on the 3rd day of April, 1931."

On November 18, 1931, J. B. Smith filed in the Court of Civil Appeals, his answer to the motion to affirm, in effect that the certificate of the District Clerk is false in that Sarah A. Vestal, one of the defendants in error, was not served with citation in error and did not waive service thereof until November 7, 1931, when she joined in the motion to affirm; furthermore, that since said service was completed and within the statutory time and with said answer a complete transcript of the record was and is filed.

On the preceding day, November 17, 1931, Smith had filed a motion for leave to file the transcript, asserting therein that the clerk below completed the transcript on July 28, 1931, and since then the same could have been filed; that prior to the completion of the transcript the clerk of the court below agreed with his attorney to file said transcript, when completed, in the Court of Civil Appeals and after said transcript had been completed advised his attorney that it had been so filed, and said attorney did not learn that the transcript had not been filed in the Court of Civil Appeals until so advised by the clerk of that court by letter dated November 7, 1931. Prayer was for leave to file the transcript and that the cause be docketed and tried on its merits.

The deputy district clerk who prepared the transcript, in a controverting affidavit filed in the Court of Civil Appeals, denied all such averments in the motion for leave to file, except that the transcript was completed on July 28, 1931.

The Court of Civil Apeals, on December 5, 1931, denied leave to file the transcript and on the same day, granted the motion to affirm on certificate without reference to the merits of the case, and on January 23, 1932, overruled Smith's motion for rehearing in a written opinion. 48 S. W. (2d) 356.

The case is before us on application for writ of error, the contentions therein being:

*1st.* The district clerk agreed with plaintiff's attorney to file the transcript in the Court of Civil Appeals when he completed it and falsely advised said attorney that same had been so filed and falsely certified that the citations in error had all been served or waived—plaintiff in error having relied thereon, was therefore excusable, if otherwise chargeable with *neglect* in filing the transcript in time, in the Court of Civil Appeals.

*2d.* The certificate of the clerk of the district court does not set forth the essential facts required by statute to confer jurisdiction on the Court of Civil Appeals, to affirm on certificate.

## OPINION.

Under Art. 1839, Rev. Stat., 1925, an appellant or plaintiff in error was required to file the transcript with the Clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error.

The district clerk's certificate accompanying the motion to affirm states that citations were served upon or waived by all the defendants in error, the last service thereof being on April 22, 1931; therefore the transcript should have been filed in the Court of Civil Appeals by July 21, 1931.

Art. 1839 was amended in 1931 (42nd Leg., Chap. 66) limiting the time for filing transcript to sixty days from "perfection of the writ of error, provided that for good cause shown before the expiration of such sixty day period the court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe," but as this amendment did not become effective until August 21, 1931, it is not pertinent here, and this cause must be disposed of under the original act prior to its amendment in 1931.

The original article also provided that for good cause the court may permit the transcript to be thereafter filed upon such terms as it may prescribe.

■ It was under that provision of the statute that plaintiff in error here must have based his request to file the transcript after the expiration of ninety days, when he alleged the district clerk's promise to attend to such filing for him, as the excuse for his own failure to do so. The Court of Civil Appeals refused such permission and therefore the record discloses an appeal by writ of error with no transcript on file in the Court of Civil Appeals. Under such a state of the record it was proper for that court to entertain a motion to affirm on certificate, under Art. 1841, and this brings us to a question of the sufficiency of the certificate.

It is required by Art. 1841, Rev. Stat., 1925, that upon failure of plaintiff in error to file transcript within the prescribed time, the Court of Civil Appeals shall affirm the judgment of the court below, upon the certificate of the clerk of the latter court, stating the time when and how such appeal was perfected or citation served.

■ We are not unmindful of the holdings that while an appeal is perfected by the giving of notice thereof, and approval of appeal bond or filing of affidavit in lieu thereof, a writ of error is not perfected until service or waiver of process thereon is had, we are confined in the consideration of this case to what is shown by the record submitted to us. We must take the district clerk's certificate as final unless successfully impeached, and this is within the province of the Court of Civil Appeals, which under Art. 1822, Rev. Stat., 1925, has power upon affidavit or otherwise as by it may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction; that court, upon the challenge of the certificate, which involved the question of whether the opposing parties had been served with citation or had waived, in time, and as certified by the clerk, overruled the challenge and sustained the certificate with the statements of service of process and waiver therein contained.

The attack on the clerk's certificate consists of what purports to be a transcript of the record, but this was refused filing and is verified only by a certificate of the clerk below, that said transcript "is a true and correct copy of *all proceedings on plea of privilege* in cause No. 87541—J. B. Smith v. J. Frank Norris et al." This certificate is manifestly insufficient to nullify the clerk's certificate filed with the motion to certify, above set forth.

■ This suit was originally filed in Travis County and removed to Tarrant County on pleas of privilege filed by various defendants. It would appear, therefore, that the certificate to the transcript is applicable and relates to the proceedings on the pleas of privilege only, and is not such as is required by Art. 2278, Rev. Stat., 1925, contemplating certification of transcripts on appeal, to be of "a full and correct copy of *all* the proceedings had in the cause." See, also, Art. 2282, Rev. Stat., 1925.

We think the Court of Civil Appeals correctly disposed of the matter, and its judgment is affirmed.

Opinion adopted by the Supreme Court, May 2, 1934.