## STATE v. McLENDON et al.

### No. 12594.

Court of Civil Appeals of Texas. Dallas.

Dec. 18, 1937.

Rehearing Denied Dec. 18, 1937.

Mike Reinhardt, of Rockwall, for appellant.

Bond & Porter, of Terrell, for appellees.

LOONEY, Justice.

At a former day we affirmed the judgment below on certificate. The suit was brought by the commissioners court of Rockwall county at the instance of the highway commission of Texas, to condemn a strip of land belonging to appellees for public road purposes, as authorized by article 6674n, R.S. of Texas, as amended Vernon's Ann. Civ.St. art. 6674n. Commissioners were regularly appointed to assess the damages occasioned by the taking, and, on May 22, 1937, an award was made in favor of appellees in the sum of $970; said award being deposited with the county clerk of Rockwall county, the land was taken and entered upon to be used for the purpose for which it was condemned. From this award appellees duly perfected an appeal to the county court of Rockwall county, and, on trial before a jury, appellees recovered $1,881.19, for which judgment was entered, to be paid out of the road and bridge fund of Rockwall county, Tex., or any other available fund for that purpose; the judgment reciting, among other things, that: "Upon the aforesaid verdict of the jury, it is ordered, adjudged and decreed that the damages sustained by W. H. McLendon and wife be and are hereby fixed and assessed at $1881.19, for which sum they are entitled to recover herein, and it appearing that under the laws of Texas that Rockwall County is due and liable for the payment of such damages to the defendants to be paid to them out of the road and bridge fund of Rockwall County, Texas, or any other available funds for that purpose, and said Rockwall County having appeared herein, made answer by and through its County Judge and Commissioners Court of Rockwall County, Texas, the said Commissioner's Court of Rockwall County, Texas, be and they are hereby ordered and directed to pay and cause to be paid immediately to the said defendants, W. H. McLendon and wife, the aforesaid damages. And it is further the order and judgment of this Court that upon the payment of all the aforesaid damages to said defendant, W. H. McLendon and wife, that by virtue of the condemnation of the herein described right of way and easement shall vest as directed by law for highway purposes as condemned; and it is the further order and judgment of this Court that the defendant, W. H. McLendon and wife, shall recover all of their costs in this behalf expended and that all costs shall be taxed against the plaintiffs, the State of Texas and the County of Rockwall," to which plaintiffs, in open court, excepted and gave notice of appeal.

As no transcript was filed in this court within the time prescribed by law, on motion, we affirmed the judgment on certificate. In their motion for rehearing, appellants take the position that the court below was without jurisdiction, hence that this court is without jurisdiction, in that the provisions of article 6674n, R.S., as amended, Vernon's Ann.Civ.St. art. 6674n, specifically confers jurisdiction on the county court of Rockwall county in condemnation proceedings instituted in the name of the county as provided in article 3264, R.S., as amended by Acts 1934, 2d Called Sess. c. 37, § 1, Vernon's Ann.Civ.St. art. 3264, and that in condemnation proceedings instituted

in the name of the state of Texas, as this cause was instituted, the only court having jurisdiction was the county court of Travis county, as provided by article 6674n, R.S. We overrule the contention on authority of two cases in point by the Amarillo Court of Civil Appeals. In Cook v. Ochiltree County, Tex.Civ.App., 64 S.W.2d 1018, 1019, the court said: "Under this statute it is not necessary, as contended, that a condemnation suit of the character above be brought by the Attorney General or under his direction. By the express terms of article 6674n, as amended, any commissioners' court is 'authorized to secure by purchase or condemnation on behalf of the State of Texas, any new or wider right of way.'" The case of Traders' Compress Co. v. State, Tex.Civ.App., 77 S.W.2d 245, being more directly in point, in our opinion, is conclusive against the contention of the appellants.

■ Aside, however, from the observations just made, we are of opinion that, on a motion to affirm on certificate, the jurisdiction of the trial court cannot be questioned, as we are only required to perform an act ministerial in nature. If the court below was without jurisdiction, its judgment would be void, hence the judgment of affirmance would also be void and subject to collateral attack. See Dandridge v. Masterson, 105 Tex. 511, 152 S.W. 166, Yett v. Cook, Tex.Civ.App., 274 S.W. 196, and Brown v. Hooks, 117 Tex. 155, 299 S.W. 228. We therefore overrule appellants' motion for rehearing.

Overruled.