

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 12, 1951

*Gill v. Falls Co*
*243 S.W. 2d 277/76*
*(Writ history)*

Hon. Carroll F. Sullivant
County Attorney
Cooke County
Gainesville, Texas

Opinion No. V-1282

Re: Whether condemnation pro-
ceedings for lands for
farm-to-market roads
should be instituted in
the name of the State or
the county.

Dear Sir:

Your request for an opinion reads in part as follows:

"Your opinion is requested as to the procedure necessary for the condemnation of land to be used as farm to market roads, particularly as to whether the proceedings are to be filed in the name of the State of in the name of the County.

". . .

"It appears that a prerequisite for the condemnation of lands for right-of-way, by counties, in the name of the State of Texas may be that such lands be required for state highways and that farm to market roads are not part of any designated state highway as that term is used in the statute.

". . .

"I have been unable to find any statute directly authorizing counties to condemn lands in behalf of the State for farm to market roads, nor have I been able to locate any decisions of our appellate courts holding that farm to market roads are state highways within the contemplation of Article 6674n, R.C.S.

"Numerous tracts of land have been condemned in the name of the State, acting by and through the Commissioners' Court of Cooke County, but I am inclined to the opinion that

such procedure is incorrect and that the Commissioners' Court should institute such proceedings in the name of the County and thereafter convey the right-of-way to the State. Your opinion with reference thereto is respectfully requested."

Commissioners' courts have the authority to condemn land to be used for the construction of a road either under the general eminent domain statutes (Art. 3264 et seq., V.C.S.) or under the statutes relating strictly to the establishment of roads (Art. 6702 et seq., V.C.S.). Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4 (1937); Doughty v. DeFee, 152 S.W.2d 404 (Tex. Civ. App. 1941, error ref. w.o.m.). Article 3264a, V.C.S., which confers the right of eminent domain upon counties, provides that condemnation proceedings shall be instituted under the direction of the commissioners' court and in the name of the county. The only authority for counties to institute such proceedings "on behalf of the State of Texas" and "with title to the State of Texas" is found in Article 6674n, V.C.S., which applies only to land needed for designated State highways. Under this latter Article, the commissioners' court acts not for the benefit of the county but as the authorized agent of the State and institutes the condemnation proceedings in the name of the State. State v. McLendon, 111 S.W.2d 287 (Tex. Civ. App. 1937, error dism.); Thompson v. State, 165 S.W.2d 131 (Tex. Civ. App. 1942); Traders' Compress Co. v. State, 77 S.W.2d 245 (Tex. Civ. App. 1934); Aue v. State, 77 S.W.2d 606 (Tex. Civ. App. 1934, error ref.); Angier v. Balser, 48 S.W.2d 668 (Tex. Civ. App. 1932, error ref.); O'Keefe v. Hudspeth County, 25 S.W.2d 625 (Tex. Civ. App. 1930). Title vests in the State and not in the county. Wilbarger County v. Hall, 55 S.W.2d 797 (Tex. Comm. App. 1932).

The right of eminent domain is inherent in a State, but the Legislature may delegate this right to various agencies. The Legislature has delegated the right to counties by specifically conferring upon them the power to condemn land for road purposes. It is elementary that the statutes relating to eminent domain and prescribing the procedure must be strictly followed.

Although we have been unable to find any authority directly on the subject, we are of the opinion that the proper procedure in condemning land for a farm-to-market road is for the county to institute the proceedings in its name rather than in the name of the

State. The Legislature has directed that the proceedings be instituted in the name of the county in all instances where the county may exercise the right except as to land needed for a "designated State Highway," which term does not include farm-to-market roads. See Art. 7083a, Sec. 2, subdiv.(4b), V.C.S.

If the condemnation proceeding is instituted in the name of the county, the title is taken in the name of the county. Regardless of this, it has been the unanimous holding of the Texas courts that the roads belong to the State and not to the counties. The titles are merely held by the counties for the use and benefit of the State. These same authorities hold that the Legislature can take over from the counties all highways and place them under the exclusive control and jurisdiction of some other agency. This is not a taking of the property of the county within the meaning of the Constitution. Jefferson County v. Board of County and District Road Indebtedness,143 Tex. 99, 182 S.W.2d 908 (1944); Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925).

You are therefore advised that the proper procedure for acquiring land for a farm-to-market road is to institute condemnation proceedings in the name of the county. You are further advised that it is not necessary for the county to deed the right-of-way to the State in order for the Highway Commission to designate it as a farm-to-market road and to authorize the expenditure of State funds on the road. The county does not own the land in a proprietary sense but only holds it as an agency of the State for the use and benefit of the State.

We are not here holding that condemnation proceedings for rights of way for farm-to-market roads which are brought by the commissioners' court in the name of the State are void. Since the county acquires title to the right of way as an agency of the State, it may be that the acquisition of title in the name of the State rather than in the name of the county is not such a defect as would render the proceeding void. The question of the validity of such a proceeding has not been presented for our opinion, and we therefore pretermit a discussion of the arguments in support of the view that this irregularity would not vitiate the proceeding.

## SUMMARY

A county should institute condemnation proceedings for land to be used as a farm-to-market road in the name of the county and not in the name of the State.

APPROVED:

Ned McDaniel
State Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

WSL/jmc/rt

Yours very truly,

PRICE DANIEL
Attorney General

By William S. Lott
William S. Lott
    Assistant