TRADERS' COMPRESS CO. v. STATE et al.
No. 4309.

Court of Civil Appeals of Texas. Amarillo.
Nov. 19, 1934.

William J. Berne, of Fort Worth, for plaintiff in error.

Jack B. Deahl, of Wellington, and Mahan & Broughton, of Childress, for defendants in error.

JACKSON, Justice.

The state of Texas, as plaintiff, acting by and through the commissioners' court of Collingsworth county, instituted proceedings against the defendant, the Traders' Compress Company, to secure for the state, by condemnation, a strip of land off of the west side of an eight-acre tract owned by the defendant.

The condemnation proceedings were filed and prosecuted under the authority given by the Legislature in the Acts of the 39th Legislature (1925), c. 186, § 14, as amended by Acts 41st Leg. (1929), 3d Called Sess., c. 10, General Laws, p. 243 (see Vernon's Ann. Civ. St. art. 6674n), and the strip of land sought was for the use of the State Highway Department in widening existing Highway No. 4.

The county judge appointed three commissioners, who gave notice of hearing as the law requires, the defendant appeared and presented its claim, a hearing was had, and damages assessed at the sum of $700.

The defendant excepted to the amount of the assessment and prosecuted an appeal to the county court.

It appears from the judgment in the county court that "before announcing ready, Traders Compress Company, defendant herein, by their admission in writing filed with the papers in this case, duly admitted that the plaintiff had the right to condemn the strip of land described in plaintiff's petition; thereupon the parties plaintiff and defendant agreed that the reasonable value of the strip of land sought to be condemned in this case at the time of taking said strip, was $150.00, leaving only the issue of the damage to the remainder of the tract resulting from the way and manner said right of way was taken out of defendant's land."

In response to special issues submitted, the jury found, in effect, that the part of the eight-acre tract not taken, with the improvements thereon, was depreciated $500. On the agreement and these findings, judgment was rendered vesting title in the state of Texas to the strip of land condemned and that the "Traders Compress Company do have and recover of and from the State of Texas, petitioner herein, as damages for said land and right of way and as damages to the remainder not taken, the sum of $650.00, with interest from this date at the rate of six per cent per annum and that cost of the proceedings be assessed against the defendant," from which judgment, by writ of error, this appeal is prosecuted.

The State Highway Department, by virtue of the condemnation by the commissioners' court, appropriated the strip of land and widened Highway No. 4 prior to the time of the trial in county court. So far as this record reveals the amount of damages awarded the Traders' Compress Company by the commission has neither been paid nor deposited in court subject to its order as provided in subdivision 1, art. 3268, R. C. S.

Subdivision 2 of this article, as amended (Vernon's Ann. Civ. St. art. 3268, subd. 2), among other things provides: "The State, a county, municipal corporation, irrigation district, water improvement district or water power control district created under authority of law, shall not be required to deposit a bond or the amount equal to the award of damages by the Commissioners as provided in Section 2 hereof."

■ It is obvious that this amendment did not relieve the state, and the subdivisions thereof mentioned, from complying with sub division 1.

Article 1, § 17, of the Constitution of Texas provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money."

■ The strip of land having been secured for the use of the state, if the compensation therefor did not have to be made or secured by a deposit in money "when taken," nevertheless the property of plaintiff in error could not be taken, damaged, or applied to public use without adequate compensation being made, since there is no contention that consent was given. The only indication in this record that plaintiff in error will receive adequate compensation for the land taken and that damaged is the judgment that it have and recover from "the State of Texas * * * the sum of $650.00," etc.

In a condemnation proceeding, such as this, instituted and prosecuted by the commissioners' court in behalf of the State Highway Department, no provision is made by the statute obligating the state to pay compensation for the land secured.

The right of way for a state highway, or the widening thereof, may be condemned in

either of two methods under the Acts of the 41st Legislature, 3d Called Sess., 1929, General Laws, p. 243, c. 10 (see Vernon's Ann. Civ. St. art. 6674n). In one the Attorney General, at the request of the State Highway Commission, shall condemn the land on behalf of the state of Texas, and the Highway Commission's portion of the expense of the proceedings shall be paid out of the state highway funds. The other is the one involved in this proceeding, and so far as necessary to a disposition of this appeal is: "Any Commissioners' Court is hereby authorized to secure by purchase or by condemnation on behalf of the State Highway Commission such new or wider right of way * * * and to pay for such lands out of the County Road and Bridge Fund or out of any Special Road Funds as may be provided by law. The State Highway Commission shall be charged with the duty of furnishing to the County Commissioners' Court the plats or field notes of such right-of-way or land as may be required after which the Commissioners' Court may and is hereby authorized to purchase or condemn with title to the State Highway Department in accordance with such field notes and to pay for same as provided in this Act."

This provision authorizes the commissioners' court to condemn land for the use and benefit of the State Highway Commission, Cook et al. v. Ochiltree County et al. (Tex. Civ. App.) 64 S.W.(2d) 1018; Cernoch et ux. v. Colorado County (Tex. Civ. App.) 48 S.W. (2d) 470; Roberts et al. v. Robertson County (Tex. Civ. App.) 48 S.W.(2d) 737; but the method prescribed by law for condemning property for public use must be strictly followed, Wilbarger County v. Hall (Tex. Com. App.) 55 S.W.(2d) 797.

This statute does not impose on the commissioners' court the duty of securing land for the purposes therein specified, but does require that if the authority granted be exercised, the commissioners' court pay for the land purchased or pay the damages for the land condemned "out of the County Road and Bridge Fund or out of any Special Road Funds as may be provided by law."

We do not think any one would contend, if the commissioners' court should purchase land for the state under this statute, that the state would be obligated to pay the owner the purchase price. Neither, in our opinion, can the state be bound by a judgment against it obtained in a condemnation proceeding instituted and prosecuted in the name of the state by the commissioners' court under this statute.

We are inclined to the view that in a proceeding such as this the commissioners' court should comply with subdivision 1 of article 3268 and pay the owner for the land or the damages or place the money in court subject to his order before possession thereof is taken. Travis County et al. v. Trogdon et al., 88 Tex. 302, 31 S. W. 358; Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915.

However this may be, it is settled that plaintiff in error is entitled to recover adequate compensation, and the judgment against the state which is unauthorized by law does not constitute adequate compensation.

The judgment is reversed, and the cause remanded.