## CITY OF WEATHERFORD v. MARTIN.

### No. 13808.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 7, 1938.

Rehearing Denied Nov. 4, 1938.

Preston Martin, of Weatherford, for appellant.

Lindsay P. Walden, of Abilene, for appellee.

BROWN, Justice.

Appellee, Martin, brought suit against the State of Texas and the City of Weatherford, in Parker County, Texas, for damages alleged to have been sustained by him, by reason of the State of Texas, acting through its Highway Commission, having constructed a viaduct, within the limits of said City, over the Texas & Pacific Railway Company's tracks. The allegations of the petition are such as to show that appellee's property was located near the railway tracks; that the old road, or street, was flush with the railway tracks and with appellee's property, and ingress and egress was easily had; but that the building of the viaduct, thus elevating the highway far above appellee's property level, leaves his property without ingress and egress as to such highway. The City of Weatherford is sought to be held on the theory that it "concurred and agreed to the construction of said viaduct, and authorized the State Highway Department to construct the same."

The cause was tried to a jury, and, before the trial court gave any charge to the jury, appellee took a non-suit as to the State of Texas "with prejudice."

In the course of the trial, it was developed that the street on which the viaduct was built is a part of State Highway No. 1; that the State of Texas built the viaduct, as a part of such State Highway, and paid for its construction; that the City of Weatherford played no part in the construction of

same, excepting to give its permission to the State Highway Department to build same.

Appellee sought to recover for loss to his restaurant business operated on the premises, and for depreciation in value of his property occasioned by the construction of the viaduct high above his property level.

The City, appellant here, requested a peremptory instruction in its favor, which request was refused and exception taken. The trial court then submitted several special issues on which the jury found that appellee had suffered a $100 loss to his business, and a $500 loss in the depreciation of the value of his premises.

The trial court awarded judgment for appellee against the City, in the sum of $600. Hence, the appeal.

We believe that the trial court erred in refusing appellant's request for a peremptory instruction. We are unable to see how the City of Weatherford may be held liable for damages, if any, occasioned by the construction of the viaduct, when the undisputed evidence shows that the State of Texas built the structure and the City did no more than to give the State its permission to do so.

All of the plans and specifications were prepared by the State. The City had nothing to do with the size, shape, elevation or the type of construction employed in building the viaduct.

■ In its essence, this was a lawful enterprise and a public necessity undertaken solely by the State of Texas. Because the structure was to be erected within the corporate limits of the City of Weatherford, and was to be a part of a public street therein, the State, for reasons best known to it, required the City to give its permission to the State to build the same. Under such circumstances, the City could not be held liable for any resulting damage suffered by a property owner.

■ As was said by Mr. Justice Huff, speaking for the Court of Civil Appeals, in the case of Dallas County v. Barr, 231 S. W. 453, 456: "The state, nor any of its agencies, in promoting the general welfare, can damage the property of the citizen without compensation, whether it be through county, city, railroad, or any public service corporation."

Appellee, realizing that the State of Texas, acting by and through its Highway Com-mission, had constructed the viaduct, of which complaint is made, sought and had passed by the State Legislature a proper resolution which gave appellee the right to sue the State of Texas for such damages as he may have suffered by reason of the construction of the viaduct in question, but appellee saw fit to take a non-suit, "with prejudice," as to the State of Texas.

■ As we view this case, the State of Texas, alone, was suable for such damages as were sustained by appellee.

There are other questions presented that we will not notice, in view of our conclusions given.

The judgment of the trial court is reversed and judgment is here rendered for appellant City.