## CITY OF WICHITA FALLS v. REAL ESTATE TRUST.

### No. 14001.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 22, 1939.

Rehearing Denied Jan. 26, 1940.

T. A. Hicks and Thelbert Martin, both of Wichita Falls, for appellant.

J. S. Lieb and C. P. Engelking, both of Electra, for appellee.

BROWN, Justice.

The City of Wichita Falls, Texas, is what is now commonly known as a Home Rule City, by reason of its large population, the provisions of the Constitution of Texas, Art. XI, section 5, Vernon's Ann.St., and that of the State Statutes enacted in aid of the said constitutional provisions, such statutes being found in Chapter 13 of the Revised Civil Statutes of Texas, beginning with Article 1175 and continuing through and including Article 1180.

During the year 1934 it appears that the Highway Department of the State of Texas desired to order a location made on State Highway No. 5, within the city limits of said City, from Sixth Street and Scott Avenue, over Scott Avenue, as a route on to the northwest city limits and what is known as Iowa Park Highway, provided the City of Wichita Falls, acting through its Board of Aldermen, would agree to and secure a minimum of one hundred foot right-of-way, clear of all obstructions, excepting standing timber, and furnish, without cost to the State, clear title to the necessary right-of-way, including all standing timber, through each and every tract crossed by said Highway, and do the required fencing on location approved by the State Highway Engineer before such location was made, and this proposed project being laid before the Board of Aldermen of said City, there was officially passed a resolution reciting the above facts and providing as follows: "It is therefore ordered that the City of Wichita Falls, acting herein by and through its Board of Aldermen, agrees and obligates itself to secure a minimum of one hundred foot right-of-way, and do the required fencing, on Highway No. 5 from Sixth Street and Scott Avenue over Scott Avenue Route to the Northwest city limits and Iowa Park Highway and to clear such right-of-way of all obstructions except standing timber, and furnish a clear title to each parcel secured, including all standing timber, without cost to the State, through each and every tract crossed by this Highway, on location to be approved by the State Highway Engineer." The City did what it thus obligated itself to do, and the highway thus to be changed, or improved, being a part of certain United

States, Highways, the Highway Department of the State of Texas sought aid in the construction of the proposed improvements from the proper authorities of our Federal Government, so that same would be and became one of the United States Public Works projects. The Federal aid was given, the City of Wichita Falls entered into an agreement with the Texas Highway Department to the effect that, when such project was completed, it would provide for its proper maintenance; the following language appears in the agreement: "That the said City of Wichita Falls hereby requests the Highway Department to submit the aforementioned project with recommendation that it be approved by the Secretary of Agriculture, and agrees that if such project is approved and constructed by the Highway Department and the Secretary of Agriculture it thereafter, at its own cost and expense, will maintain the project in a manner satisfactory to them, or their authorized representatives, and will make ample provision each year for such maintenance."

The project was approved by the Federal authorities and, with the Federal aid furnished, the Highway Department made and constructed the improved highway, which included an overpass built over the tracks of one of the railroads that traverses the said City.

The appellee brought suit against the City of Wichita Falls, alleging damages done its real property by the construction of the aforementioned overpass, in that the elevation of the public street, or highway, abutting upon its land, was raised up to the level of the house-top of the improvements built upon its land, and thus impairing its right of ingress and egress, which it had theretofore enjoyed while the property was flush with the street; alleging further that the view is thus obstructed, and plaintiff has been deprived of air and light by the raised highway and high dump, or fill, and that plaintiff has been deprived of the right and opportunity to grow trees and shrubbery along the sidewalk in front of its house.

If we understand the plaintiff's pleading, it first charges the City with the construction of the highway improvements, and in the alternative, that in violation of its duty to keep the streets open to traffic and at the same grade at which it had theretofore been kept, near and adjacent to plaintiff's property, the City permitted the Texas State Highway Department and some branch of the Federal Government, or private contractors employed by the Highway Department or the Federal Government, or other parties, to so grade the street and build the dump in front of plaintiff's property, and aided and assisted them by resolutions and ordinances, etc., while the construction was in progress; and again in the alternative, that the City knew these acts were about to be committed and his property damaged thereby, and, by the exercise of ordinary care and diligence, should have known such facts and should have prevented the doing of same and the injury done plaintiff's property.

The defendant City addressed a general demurrer and several special exceptions to the petition, and specially pleaded the facts above stated, showing that it had no part in the making and construction of the improvements complained about by the plaintiff. Such facts are undisputed.

The cause was tried to a jury and the defendant's request for a peremptory instruction was refused.

Two issues were submitted to the jury: (1) The value of the plaintiff's property immediately before the overpass was built, and (2) that afterwards. The difference thus found amounts to $275, for which sum the trial court rendered judgment for plaintiff, with interest.

Defendant appealed and we shall discuss only one assignment of error, namely, that the trial court erred in denying the defendant's request for a peremptory instruction after all of the evidence was adduced.

In Alexander et al. v. Singleton et al., Tex.Civ.App., 50 S.W.2d 893, writ refused, it is stated that, under Articles 6663, 6673, 6674c and 6674n, the Highway Commission of the State of Texas has sole power to designate the number and location of State highway routes through a City.

■ It is undoubtedly sound that where the Highway Department of the State of Texas constructs a State highway, or a portion thereof, and in so doing injures property, it can be made to respond in damages. Wilbarger County et al. v. Hall, Tex.Com.App., 55 S.W.2d 797.

■ We see no merit in appellee's contention that the statutes referred to above

are inoperative where a Home Rule City is concerned.

Appellee contends that the Texas Legislature having granted to all incorporated cities that are operating under the Home Rule amendment to the Texas Constitution, exclusive control over all streets and highways within the corporate limits of such cities, the passage of other acts creating a State Highway system and placing the control of State Highways under the State Highway Department, without expressly repealing the original grant made to Home Rule Cities, does not repeal such original grant, by implication, and such Home Rule Cities still have exclusive control over streets and highways within the cities' limits.

The contention is not well taken. See Iverson v. Dallas County, Tex.Civ.App., 110 S.W.2d 255; Wilbarger County v. Hall, Tex.Com.App., 55 S.W.2d 797; Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915, 918.

In the last cited case this is said: "The establishment of public highways being primarily a function of government belonging to the state, the right to establish them resides primarily in the Legislature, and, in the absence of constitutional retrictions, the Legislature may exercise that right direct or delegate it to a political subdivision of the state, or to such other agency or instrumentality, general or local in its scope, as it may determine. The exercise of this right by a political subdivision of the state, or by local officers, is founded upon statutory authority therefor. The Legislature may exercise possession of public roads and control over them, by and through such agencies as it may designate."

We think all of the essential facts, found in a former case before us, viz.: City of Weatherford v. Martin, Tex.Civ. App., 120 S.W.2d 618, are evident in the instant suit.

Appellees cite City of Houston v. Anderson et ux., Tex.Civ.App., 115 S.W.2d 732, to sustain their contention that appellant city is liable in the instant suit, but such case is not applicable here. The City of Houston did the construction work out of which the suit grew.

The judgment of the trial court is reversed and judgment is rendered for appellant city.