## DODSON v. CITY OF DEL RIO.
### No. 11300.

Court of Civil Appeals of Texas.
San Antonio.
May 5, 1943.

Rehearing Denied June 2, 1943.

John L. Dodson, of Del Rio, for appellant.

Julian La Crosse, of Del Rio, for appellee.

NORVELL, Justice.

John L. Dodson appeals from a judgment that he take nothing of his action against the City of Del Rio which was based upon an agreement to pay to him a certain percentage of delinquent taxes collected by him as attorney for the City.

Upon authority of City of South Houston v. Dabney, 132 Tex. 96, 120 S.W.2d 436, the trial court held the contract void and denied a recovery thereon.

The City of South Houston was a city operating under the general laws, while the City of Del Rio is a Home Rule City and has a charter adopted in accordance with Article IX, § 3, of the Texas Constitution, Vernon's Ann.St. The Del Rio charter, however, provides that:

"All powers heretofore granted to the City of Del Rio by general laws are hereby preserved, and powers conferred upon the City of Del Rio by any general law now in force are hereby preserved and retained when embraced and made a part of this charter; * * *

"All rights and powers granted to the City by the general law, as also powers and rights granted to the City by the General law of the State regulating taxation, the power and rights of the City to enforce the collection of taxes, as also all rights and powers granted the City under general law applicable to municipalities are here retained and preserved until amended or repealed."

■ The effect of the parts of the charter above quoted was to incorporate into the charter by adoption the provisions of Article 7343, Vernon's Ann.Civ.Stats. State ex rel. Brauer v. City of Del Rio, Tex.Civ.App., 92 S.W.2d 287.

■ When the wording of a statute has been given a certain construction by the Supreme Court, it follows that such construction will be followed and held applicable to the identical wording when made part of a city charter by adoption. We are not here concerned with a case in which the governing body of a Home Rule City has been invested with additional or special powers (as compared with a city operating under the general laws) relating to the collection of delinquent taxes by special charter provision.

■ The trial court correctly held that the contract sued upon was void.

■ Appellant also contends in the alternative that he is entitled to recovery upon an implied contract or quantum meruit. The reasonable value of the services rendered by appellant is alleged to be fifteen per cent of $7,831.30, or the sum of $1,174.69, which would be the same as the compensation alleged by appellant to be due to him under his express contract. The demand for compensation upon a quantum meruit basis is not limited to "the same fees as allowed the county attorney or district attorney in suits for the collection of State and county taxes, to be taxed as costs of the suit." The trial court concluded that the amounts of money, if any, to which appellant would be entitled under the statutory schedule (Art. 7332, Vernon's Ann.Civ.Stats.) could not be ascertained from the evidence. This conclusion is supported by the record.

■ Since the governing body of the City of Del Rio is wholly unauthorized to make a contract to pay to an attorney as compensation for the collection of delinquent taxes any sums in excess of "the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs of suit," it follows that an implied contract can not arise, or be given effect, providing for the payment of a sum in excess of the amount which could by express contract be authorized or legally paid by the governing body of the city. The municipality (or its governing body) must have the power to enter into a contract, before it can be bound upon an implied contract to pay the reasonable value of services rendered in reliance upon an express contract which is void because of some irregularity relating to its execution or adoption. City of Houston v. Finn, 139 Tex. 111, 161 S.W.2d 776; Cameron County Water Improvement District No. 8 v. De La Vergne Engine Co., 5 Cir., 93 F.2d 373. No case for recovery upon implied contract is presented here.

The judgment appealed from is affirmed.