ARROYO COLORADO NAV. DIST. OF
CAMERON AND WILLACY COUNTIES
v. KIPP et al.

No. 12558.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 23, 1953.

Paul G. Greenwood, Harlingen, for appellant.

S. L. Gill, Raymondville, Hale Schaleben, C. A. Edwards, Edinburg, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Willie B. Kipp, joined pro forma by her husband, Donald E. Kipp, against Arroyo Colorado Navigation District of Cameron and Willacy Counties, seeking to recover damages to her land caused by dredging adjacent thereto, allegedly by the agents, servants and employees of the Navigation District. She further alleged that it was the duty of the Navigation District to secure from her a conveyance authorizing the dredging operations prior to the commencement thereof and to compensate her for the taking of her property, and that the Navigation District's failure to do so had caused damages to her land. She sought to recover the value of a strip of land 10 feet wide and 2700 feet long, which had caved off into the Arroyo Colorado as a result of the dredging, and for damages that would occur in the future, together with the expense that she would be compelled to incur in building terraces and other structures to prevent further caving of her land into the Arroyo Colorado.

Trial was to a jury and, based on the answers of the jury to the issues submitted, the Court rendered judgment for plaintiff in the sum of $500 as the market value of her land which had been submerged by reason of the dredging operations in the Arroyo Colorado, and the further sum of $3,250 as the reasonable and necessary cost of work plaintiff would be compelled to do to prevent further invasion by reason of the cave-in, crumbling and erosion of her remaining land, from which judgment the Navigation District has prosecuted this appeal.

The appellant in its answer plead that the dredging operation was done by the Atlantic, Gulf and Pacific Dredging Company, a public contractor, under the provisions of a written contract between the Board of Engineers of the United States Army and the Dredging Company, and that the cost of such dredging was paid for out of an appropriation made by Congress, and, further, that the Navigation District was not

a party to the contract and was in no way responsible for the dredging done under the contract. The Navigation District contended that it had performed all duties required of it and that it had not been negligent or derelict in any manner.

The record does not show that the Navigation District was a party to the contract for the dredging, nor that it had any control whatever of the dredging. Neither does it show that the appellant was a party to the contract, nor that it paid any of the money for the dredging. It affirmatively shows that appellant had not been requested to secure or purchase any of the land that was damaged, which is the subject matter of this lawsuit.

■ Under such circumstances appellee failed to show any liability on the part of appellant for the damages which she suffered, and the court erred in not granting appellant's motion for an instructed verdict. City of Weatherford v. Martin, Tex. Civ.App., 120 S.W.2d 618; City of Wichita Falls v. Real Estate Trust, Tex.Civ.App., 135 S.W.2d 736.

Appellees call to our attention that Subsection (b) of House Document 402, passed by the 77th Congress, under the provisions of which document the Arroyo Colorado Navigation District of Cameron and Willacy Counties was constituted, provides as follows:

"(b) That local interests shall furnish free of cost to the United States all necessary lands, easements, rights-of-way, and suitable areas for the disposal of material excavated in the modification of the project and in its future maintenance, as and when required."

However, appellees did not plead or prove a cause of action against appellant under this provision of said Document 402.

■ Appellees also call our attention to the fact that Document 402, at page 46, Subsection (c), provides "That local interests shall hold and save the United States

free from any damage that may result from the construction and maintenance of the project." This provision is a provision for indemnity and would not give appellees an original cause of action against appellant. 27 Am.Jur. 476, § 32; 12 Am.Jur. 835, § 284. Furthermore, appellees have not attempted to allege or prove a cause of action under this sub-section.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that appellees take nothing and pay all costs of this and the trial court.