**SINCLAIR PIPE LINE COMPANY,**
Appellant,

v.

**ARCHER COUNTY, TEXAS,** Appellee.
No. 16454.

United States Court of Appeals
Fifth Circuit.
May 29, 1957.

Howard Barker, Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, Tex., for appellant.

Guy Rogers, Wichita Falls, Tex., Paul O. Wylie, Archer City, Tex., Rogers, Eggers & Sherrill, Wichita Falls, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that, as the reasonable and necessary cost of accommodating or adjusting its existing pipe lines to widened or relocated rights of way, for which defendant had undertaken with the Highway Commission to acquire the necessary clearances, it had made expenditures, for which it had not been reimbursed, plaintiff brought this suit for a declaratory judgment, that it was entitled to recover them as compensation for property taken without due process of law.

The defendant denying liability, the cause was tried to the court without jury, and the district judge, setting out and discussing in an exhaustive and well reasoned opinion[1] the controlling statutes, the applicable authorities, and the undisputed facts, and giving his reasons for so doing, concluded that the defendant was not answerable to plaintiff, and entered judgment denying the relief sought.

Appealing from the judgment, appellant, taking no issue with the court's findings of fact, indeed stating, "The matter at issue is primarily one of law, most of the facts being undisputed", but attacking under extended specifications of error the conclusions of the district judge, is here insisting that, upon basic principles, the expenditures made necessary to adjust appellant's pipe lines to the highways constituted a taking within the protection of the Constitutional guarantees, federal and state, and that under its place in the statutory scheme [2]

1. Sinclair Pipe Line Co. v. Archer County, D.C., 147 F.Supp. 650.

2. Title 116, Art. 6674n, Vernon's Ann.Civ. St.Tex. provides in part:

"Whenever, in the judgment of the State Highway Commission, the use or acquisition of any land for road, right of way purposes * * * is necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened or lengthened, * * * the same may be acquired by purchase or condemnation by the County Commissioners Court. * * * Provided that the county in which the State Highway is located may pay for same out of the County Road and Bridge Fund, or any available county funds.

"Any Commissioners Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right of way * * * to be used in the construction, reconstruction or maintenance of State Highways and to pay for the same out of the County Road and Bridge Fund, or out of any special road funds or any available county funds. * * * The State Highway Commission shall be charged with the duty of furnishing to the County Commissioners Court the plats or field notes of such right of way * * * after which the Commissioners Court may, and is hereby authorized to purchase or condemn the same, with title to the State of Texas, in accordance with such field notes. * * * Provided that if the County Commissioners Court of any County in which such right of way is, in the judgment of the State Highway Commission, necessary for the construction of a part of a designated State Highway shall fail or refuse to secure by purchase or by condemnation for or on behalf of the State of Texas, such right of way or part thereof, immediately and as speedily as possible, * * * said State Highway Commission shall direct the Attorney General of Texas, to institute condemnation proceedings in the name of the State of Texas, for the purpose of securing such right of way."

for the acquisition of land for the State Highway Commission for road rights of way, the county, upon the undisputed facts as found by the court, became in fact and in law obligated to the defendant to reimburse it for its enforced outlays.

In support of this view, it urges upon us that, though Article 6674q–4, Vernon's Civil Statutes, gives the State Highway Commission the exclusive and direct control of all improvements to the State Highway system and Article 6673 provides that the counties through which said highways pass "shall be free from any cost, expense or supervision of such highways", Art. 6674n makes it clear that it was not intended to relieve counties from the costs and expenses incidental to acquiring rights of way. In further support, it cites Traders' Compress v. State, Tex.Civ.App., 77 S.W.2d 245, 247, in which the court, while stating that Section 6674n authorizes the Commissioners Court to condemn land for the use and benefit of the State Highway Commission, goes on to say:

> "This statute does not impose on the commissioners' court the duty of securing land for the purposes therein specified, but does require that if the authority granted be exercised, the commissioners' court pay for the land purchased or pay the damages for the land condemned 'out of the County Road and Bridge Fund or out of any Specific Road Funds as may be provided by law.'"

and to the same effect, W. L. Moody Cotton Co. v. Commissioners Court, Tex. Civ.App., 261 S.W.2d 204. Finally, it cites and firmly relies on Panhandle Eastern Pipe Line Co. v. State Highway Commission, 294 U.S. 613, 614, 55 S.Ct. 563, 79 L.Ed. 1090; Petition of Dreosch, 233 Minn. 200, 47 N.W.2d 106, and Buckeye Pipe Line Co. v. Keeting, 7 Cir., 229 F.2d 795, as holding that "an easement is an interest in real property"; and that, when a pipe line company owning pipe line easements is required in connection with a road improvement program to lower and/or reincase its pipe lines, its property, the easement, is taken from it "not necessarily when the adverse party occupies the land, but only when he prevents or interferes with the owner's use of the easement. When that occurs there has been a taking of property from the owner of the easement just as much as if an adverse party had taken real estate which another owned in fee." Buckeye Pipe Line Co. v. Keeting, supra, at page 798.

Appellee, not at all disputing the force and effect of the cases cited by appellant, insists that the appellant, in undertaking to analogize the situation here to those existing in the cases it relies on, has wholly failed to take into account the great, the fundamental differences in the facts. So insisting, it points out that the record shows without dispute: that Archer County did not take any action to condemn the pipe lines or to require that they be removed, relocated, or reincased; that it neither widened the roads not in any other manner interfered with plaintiff's pipe lines; that it did not request anything, take anything, or assist in taking anything from defendant; that it agreed with the Highway Commission only to furnish rights of way requested or required of it by the Commission; that no request was made of it in connection with plaintiff's pipe lines; and that appellant does not take into consideration that when the Commission, through an independent contractor, widened the highway and interfered, or was about to interfere, with such pipe lines, Sinclair, without taking any action to prevent the contractor from proceeding with the work or to obtain or secure a promise to pay therefor, acquiesced therein and altered its existing lines not only without any promise of reimbursement but with the knowledge that the County did not and would not recognize any liability.

Upon these considerations, which appellee insists show no basis for the liability of the County, either statutory or contract, appellee urges upon us that the district judge was right in holding that Archer County was not liable.

Finally, pointing out that it is not at all insisting that the Highway Department or the State is not, or might not be, liable to the appellant, City of Wichita Falls v. Real Estate Trust, Tex.Civ. App., 135 S.W.2d 736, but is only insisting that the district judge was right in holding that the County neither took nor destroyed, nor in any way interfered with or affected plaintiff's easement, and, therefore, was not liable to plaintiff, appellee argues that appellant's position comes at last to this, *that merely because the county had the right to condemn the right of way or to otherwise procure or compel the adjustments made by* Sinclair to the highway uses, it must be held that, though it did not exercise such right, it must pay Sinclair for having gone to expense which the County neither required nor requested that it incur.

Upon careful consideration of the facts as the district judge sets them forth and the law as he correctly reasons it out, we conclude that the appellee has the right of it and that the judgment must be affirmed.

 As the district judge pointed out, the statute authorizing counties to obtain and pay for rights of way, while giving them the right, did not impose the duty, to do so. Further, while the County did agree with the Commission to furnish rights of way requested of it, no request was made of the County with respect to plaintiff's pipelines and plaintiff does not and cannot claim as a third party beneficiary under the contract between the Commission and the County.

While appellant does point to the minutes of the Commissioners Court, in which it agreed to furnish rights of way required, it is unable to point to any requirement or request by the Highway Commission that the County obtain a right of way or a clearance or acquittance in respect to the plaintiff's pipe lines. Indeed, the record shows that no such request was made by the Highway Department and that prior to incurring the expenses plaintiff requested the County to pay for them, and it refused.

The judgment was right. It is affirmed.