**C. A. BREITHAUPT et ux., Appellants,**

**v.**

**STATE of Texas, Appellee.**

No. 3605.

Court of Civil Appeals of Texas.

Waco.

Jan. 28, 1960.

Mays and Jacobs, Corsicana, for appellants.

Jimmy Morris, County Atty., Roe, Ralston and McWilliams, Corsicana, for appellee.

TIREY, Justice.

Appellee, The State of Texas, has filed its motion in this Court to issue a mandate in this cause without prepayment of costs assessed against it in the judgment entered by this Court on February 12, 1959,

reversing and remanding the cause to the trial court. See opinion Tex.Civ.App., 321 S.W.2d 361.

Appellee contends that it is entitled to this relief under the authority of Pope v. State, Tex.Civ.App., 56 S.W.2d 492, n. w. h., and under Rules 442 and 443 Texas Rules of Civil Procedure. We overrule the appellee's contentions for reasons which we shall hereinafter briefly state. This cause was brought by the State of Texas, acting by and through the Commissioners' Court of Navarro County, composed of Kenneth Douglas, County Judge, Jack Megarity, Commissioner of Precinct Number One; Lester Walker, Commissioner of Precinct Number Two; John D. Mahoney, Commissioner of Precinct Number Three; and Sammy Saunders, Commissioner of Precinct Number Four, and such suit was brought for condemnation for right-of-way in Navarro County under the provisions of Article 6674n, Vernon's Ann. Revised Civil Statutes of Texas, as amended by the Acts of the 54th Legislature, 1955, page 1128, Chapter 423, Section 1. That statute was construed by the Amarillo Court in Traders' Compress Co. v. State, Tex.Civ.App., 77 S.W.2d 245, n. w. h. The Court there held specifically that such statute authorized the Commissioners' Court to condemn land for the use and benefit of the State High-way Commission and expressly said:

"This statute does not impose on the commissioners' court the duty of securing land for the purposes therein specified, *but does require that if the authority granted be exercised, the commissioners' court pay for the land purchased or pay the damages for the land condemned 'out of the County Road and Bridge Fund or out of any Special Road Funds as may be provided by law.'* " See point 3, at page 247.

Our courts of Civil Appeals have consistently followed the doctrine therein stated, and the Supreme Court has not seen fit to overturn it. See also State v. McLendon, Tex.Civ.App., 111 S.W.2d 287. The foregoing decision was followed by our United States Circuit Court of Appeals in Sinclair Pipe Line Company v. Archer County, 5 Cir., 245 F.2d 79, writ of certiorari denied; 355 U.S. 862, 78 S.Ct. 96, 2 L.Ed.2d 69. It is true that the judgment entered in this Court recites that costs were taxed against the State of Texas. What was intended to do was to tax the costs against the State of Texas, acting by and through the Commissioners' Court of Navarro County, composed of the County Judge and the Commissioners' Court in the capacity in which the suit was brought, and the judgment is so amended.

■ Going back to Article 6674n, we find this language in the first paragraph of the statute:

"* * * the same may be acquired by purchase or condemnation by the County Commissioners Court. This authority includes the power to exercise the right of eminent domain by any County Commissioners Court within the boundaries of a municipality with the prior consent of the governing body of such municipality. Provided that the county in which the State highway is located may pay for same out of the County Road and Bridge Fund, or any available county funds."

Going back to the Sinclair Pipe Line case, supra, the Court, in discussing this statute, said [245 F.2d 81]:

"Art. 6674n makes it clear that it was not intended to relieve counties from the costs and expenses incidental to acquiring rights of way."

We are in accord with this view, and tax the costs accordingly.

■ Going back to the decision of the El Paso Court in the Pope case, supra, that decision is explained by a later decision of the El Paso Court in Ibanez v. State, Tex. Civ.App., 123 S.W.2d 704, which in effect shows that the Pope case is not in point, and is not controlling here. In fact, our

454

Supreme Court, in Houtchens v. State, 74 S.W.2d 976, Commission of Appeals, opinion adopted, expressly held in effect that in some cases the Court has power to tax costs against the State, if in its judgment it should do so, unless it is expressly precluded by some provision of the statute. In Reed v. State, Tex.Civ.App., 78 S.W.2d 254, 256, w. dis., the Austin Court said:

"It has been the uniform custom, however, where the state has been a proper party to a suit, to tax costs against it as against any other litigant. Necessarily, payment thereof must await appropriations of funds for that purpose by the Legislature, but such appropriations have habitually been made by each Legislature for many years. The right and propriety of taxing such costs against the state as a party litigant is, we think, conclusively foreclosed by the Supreme Court in Houtchens v. State [supra].
* * *

"The general rule is that, when the state enters the courts as a litigant, it places itself on the same basis as any other litigant."

In the case at bar this suit was brought by the Commissioners' Court in the name of the State of Texas, and the State of Texas is entitled to have title to the property condemned placed in its name; but, the Commissioners' Court of Navarro County is the party that is liable for the payment of the judgment and the court costs, and we have found nothing in the statute that exempts the Commissioners' Court or any county from the payment of any costs incurred by it when it becomes a party litigant, nor have we found any decision holding that it would be exempt from the advanced payment of costs before the mandate issues. The record shows that the appellants have individually paid all costs necessary to perfect their appeal to this Court, and since they were successful in this Court, they are entitled to have their costs paid before the mandate issues. We see no

reason why the Commissioners' Court of Navarro County should not pay the costs of appeal assessed against it. Accordingly appellee's motion to issue mandate without payment of costs is in all things denied.