**HARDIN COUNTY, TEXAS, Appellant,**

v.

**TRUNKLINE GAS COMPANY, Appellee.**

No. 19592.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1963.

Rehearing Denied Feb. 27, 1963.

■■■■■■■■■■

—◆—

Robert L. Burns, Sears & Burns, Houston, Tex., for appellant.

Fletcher H. Etheridge, Jack Binion, Houston, Tex., Butler, Binion, Rice & Cook, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

JOSEPH C. HUTCHESON, Circuit Judge.

Alleging both a taking and a damaging under the Texas and Federal Constitutions and breach of a written contract, Trunkline Gas Company, a Delaware Corporation, Appellee, brought suit against Hardin County, a political subdivision of the State of Texas, appellant, to recover the cost of extending the casing enclosing its pipelines crossing two state highways of the State of Texas into adjoining land acquired by appellant for the State of Texas for widening the highways.

Motions for summary judgment were filed by both parties, and the district court, on full findings of fact and conclusions of law, granted the motion of appellee and denied appellant's motion.

Here citing many cases, with particular emphasis on this court's opinion in Sinclair Pipeline Co. v. Archer County, 245 F.2d 79, appellant insists that the judgment was wrong and must be reversed. We agree that this is so for the reasons hereinafter briefly stated and the authorities hereinafter cited.

■ Basic Texas law dictates that in the absence of a statute authorizing some other agency to contract, the authority to contract on behalf of a county is vested in the Commissioners' Court. Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084. The contractual authority of a Commissioner's Court is very limited and its limited nature is well stated in Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, as follows:

"The Constitution does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them'. See Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403, 404; Anderson v. Wood, 137 Tex. 201, 203, 152 S.W.2d 1084, 1085. While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes."

Thus, if neither the Constitution nor statutes empower a Commissioners Court to make a particular contract, the contract is null and void. Nunn-Warren Publishing Co. v. Hutchinson County, Tex.Civ.App., 45 S.W.2d 651; Aldrich v. Dallas County, Tex.Civ.App., 167 S.W.2d 560; Baldwin v. Travis County, 40 Tex.Civ.App. 149, 88 S.W. 480; and Dodson v. City of Del Rio, Tex.Civ.App., 172 S.W.2d 125.

■ Review of the Texas statutes relating to State highways manifests that a Texas county not only is not authorized to contract to improve, construct or reconstruct a State highway, but is expressly prohibited from expending county funds therefor. The statutes and authorities also prove that the authority of a county is limited to acquiring right-of-way for a State highway.

Prior to the creation of the Texas Highway Department, the power to acquire right-of-way for (by purchase or condemnation), and to construct, improve and reconstruct roads and highways outside of cities was vested exclusively in counties. The basic legislation creating the Texas Highway Department and defining its powers was enacted in 1917, 1923 and 1925. Acts 1917, 35th Leg., p. 416, Ch. 190; Acts 1923, 38th Leg., p. 155, Ch. 75; Acts 1923, 38th Leg., 2nd C.S., p. 71; Acts 1925, 39th Leg., Ch.

884

186, p. 458. As thereafter supplemented from time to time, this legislation is found in Articles 6663 to 6674q–14 Vernon's Annotated Civil Statutes.

The Texas decisions, Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925); Nairn v. Bean, 121 Tex. 355, 48 S.W.2d 584; Heathman v. Singletary, Tex.Com.App., 12 S.W.2d 151; Gabbert v. City of Brownwood, Tex.Civ. App., 176 S.W.2d 344; and State Highway Commission v. Humphreys, Tex. Civ.App., 58 S.W.2d 144; have held uniformly that these statutes:

(1) required the Department to take over and maintain the State highways;

(2) vested exclusive control of State highways in the Highway Department;

(3) vested exclusive power to improve, construct and reconstruct State highways in the Highway Department;

(4) divested counties of the power to acquire right-of-way for State highways (until 1929); and

(5) operated to transfer the former jurisdiction of counties over State highways to the State Highway Commission.

The language of the statutes admits of no other construction.

Administration of the State Highway Department is vested in the Highway Commission, Article 6663; the Commission is charged with the duty to "formulate plans and policies for the location, construction and maintenance of a comprehensive system of State highways and public roads", Art. 6665; to establish and make public proclamation of all rules and regulations for the conduct of the work of the Department, Art. 6666; and to "investigate and determine the methods of road construction best adapted to the different sections of the State, and [to] establish standards for the construction and maintenance of highways * * * ", Article 6667.

Article 6673 authorizes the Commission

"To take over and maintain the various State highways in Texas, and the counties through which said highways pass shall be free from any cost, expense or supervision of such highways."

This complete delegation of power over state highways to the Department and prohibition of expenditure of county funds for improvement or construction thereof is repeated in Article 6674q–4 as follows:

"All further improvement of said State Highway System shall be made under the exclusive and direct control of the State Highway Department and with appropriations made by the Legislature out of the State Highway Fund. Surveys, plans and specifications and estimates for all further construction and improvements of said system shall be made, prepared and paid for by the State Highway Department. No further improvement of said system shall be made with the aid of or with any moneys furnished by the counties except the acquisition of right-of-ways which may be furnished by the counties, their subdivisions or defined road districts."

■ The appellee, recognizing the force and effect of the Sinclair case in this court, undertakes to distinguish it on the ground that in that case there was no agreement to pay on the part of the county, while in this case there was. In so contending, we think the appellee completely fails to appreciate the force and effect of the Texas statutes and decisions cited in and made the basis of the decision of the district court in the Sinclair case,[1] that the county was not obligated, indeed could not legally obligate itself, to pay the sum sued for.

1. Sinclair Pipeline Co. v. Archer County, D.C., 147 F.Supp. 650; Affirmed, 5 Cir., 245 F.2d 79.

It will be noted that the agreement on which plaintiff sued provided not that Hardin County will pay for the casing, lowering, etc., but that it will pay according to law all legal claims affixed against it, and that, for the reasons shown in the Sinclair and other cases, the claim asserted by plaintiff against the county was not, as it was not in Sinclair's case, a legal claim.

Thus the burden on plaintiff in this case is, as it was in Sinclair's case, to establish the legality of the claim and this, as in Sinclair's case, plaintiff was not able to do.

The judgment is therefore Reversed and the cause Remanded with directions to enter judgment for the appellant.

Reversed and remanded.