

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 26, 1964

Honorable James E. Jeffrey
County Attorney
Taylor County
Abilene, Texas

Opinion No. C-302

Re:  Whether a county is
authorized to expend
county funds in coop-
eration with the federal,
state and city govern-
ments to carry on a
continuing comprehensive
transportation plan or
survey to acquire approv-
al for federal funds for
the construction of
highways in urban areas
under the Federal Aid
to Highways Act of 1962,
if (1) the survey is
made completely within
the county, and (2) the
survey is carried on to
some extent in an ad-
joining county.

Dear Mr. Jeffrey:

You have requested the opinion of this office in regard
to the above subject.

Article 6663, Vernon's Civil Statutes, vests control of
the State Highway Department in the State Highway Commission and
the State Highway Engineer.

Article 6673, Vernon's Civil Statutes, provides that
the Commission is responsible for the highways in Texas and that
the counties are free from any cost, expense or supervision of
such highways.

Article 6674a, Vernon's Civil Statutes, defines certain
terms that are used throughout Articles 6674a-6674n, Vernon's
Civil Statutes, by reciting:

"The term 'highway' as used in this Act shall
include any public road or thoroughfare or section
thereof and any bridge, culvert or other necessary
structure appertaining thereto.  The term 'improvement'

shall include construction, reconstruction or mainte-
nance, or partial construction, reconstruction or
maintenance and the making of all necessary plans
and surveys preliminary thereto. The term 'Commis-
sion' refers to the State Highway Commission and
the term 'Department' refers to the State Highway
Department." (Emphasis ours).

You will note that the term "improvement" not only
includes "construction, reconstruction or maintenance, or partial
construction, reconstruction or maintenance," but it also includes
"the making of all necessary plans and surveys preliminary thereto."
(Emphasis ours).

Article 6674d, Vernon's Civil Statutes, governs improve-
ment of the state's highways with Federal aid. The aforesaid
article states:

"All further improvement of said State Highway
System with Federal aid shall be made under the
exclusive and direct control of the State Highway
Department and with appropriations made by the
Legislature out of the State Highway Fund. The
further improvement of said system without Federal
aid may be made by the State Highway Department
either with or without county aid. Surveys, plans,
specifications and estimates for all further improve-
ment of said system with Federal aid or with Federal
and State aid shall be made and prepared by the State
Highway Department. No further improvement of said
system shall be made under the direct control of the
commissioners' court of any county unless and until
the plans and specifications for said improvement
have been approved by the State Highway Engineer.

". . ." (Emphasis ours).

The statute is divided into two categories of highway
improvement, to-wit: improvement with Federal Aid and improve-
ment without Federal Aid. In the instance of Federal Aid, the
statute clearly specifies that such improvement "shall be made
under the exclusive and direct control of the State Highway
Department and with appropriations made by the Legislature out of
the State Highway Fund." (Emphasis ours). As to Federal Aid, the
statute further states that "surveys, plans, specifications and
estimates for all further improvement" shall be "made and prepared
by the State Highway Department." (Emphasis ours). In the instance
of improvement "without Federal Aid," the statute states that they
may be made with or without county aid. The statute also states

that when a county does participate, which would be in the case of improvement without Federal Aid, it must be with the approval of the State Highway Engineer.

The role of a county, in highway improvement, is further limited by Article 6674q-4, Vernon's Civil Statutes, which recites:

"All further improvement of said State Highway System shall be made under the exclusive and direct control of the State Highway Department and with appropriations made by the Legislature out of the State Highway Fund. Surveys, plans and specifications and estimates for all further construction and improvement of said system shall be made, prepared and paid for by the State Highway Department. No further improvement of said system shall be made with the aid of or with any moneys furnished by the counties except the acquisition of right-of-ways which may be furnished by the counties, their subdivisions or defined road districts. But this shall in nowise affect the carrying out of any binding contracts now existing between the State Highway Department and the Commissioners Court of any county, for such county, or for any defined road district. . . .

"(a) . . .

"(b) . . .

"(c) . . ." (Emphasis ours).

The United States Court of Appeals for the Fifth Circuit, in Hardin County, Texas v. Trunkline Gas Company, 311 F.2d 882 (5th Cir., 1963), 84 S.C. 49, cert. granted, 330 F.2d 789 (5th Cir., 1964) original judgment re-entered and reaffirmed, stated the limited role of the commissioners court relative to highway improvement and contracts pertaining thereto, saying:

"Basic Texas law dictates that in the absence of a statute authorizing some other agency to contract, the authority to contract on behalf of a county is vested in the Commissioners' Court. Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084. The contractual authority of a Commissioners' Court is very limited and its limited nature is well stated in Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, as follows:

'The Constitution does not confer on the Commis-

sioners Courts "general authority over the county business" and such courts can exercise only such powers as the Constitution itself or the statutes have "specifically conferred upon them." See Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403, 404; Anderson v. Wood, 137 Tex. 201, 203, 152 S.W.2d 1084, 1085. While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes.'

"Thus, if neither the Constitution nor statutes empower a Commissioners Court to make a particular contract, the contract is null and void. Nunn-Warren Publishing Co. v. Hutchinson County, Tex.Civ.App., 45 S.W.2d 651; Aldrich v. Dallas County, Tex.Civ.App., 167 S.W.2d 560; Baldwin v. Travis County, 40 Tex.Civ.App. 149, 88 S.W. 480; and Dodson v. City of Del Rio, Tex.Civ.App., 172 S.W.2d 125.

"Review of the Texas statutes relating to State highways manifests that a Texas county not only is not authorized to contract to improve, construct or reconstruct a State highway, but is expressly prohibited from expending county funds therefor. The statutes and authorities also prove that the authority of a county is limited to acquiring right-of-way for a State highway." (Emphasis ours).

The authority of a county in regard to the acquisition of rights-of-way is governed by Article 6673e-1, Vernon's Civil Statutes, which states:

" . . .

"The various counties and cities are hereby authorized and directed to acquire such right of way for such highways as are requested and authorized by the Texas Highway Department, as provided by existing laws, and in the event condemnation is necessary, the procedure shall be the same as that set out in Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, and amendments thereto.

". . ." (Emphasis ours).

An examination of the statutes and court decisions regarding highways reveals that the authority of a county is limited solely to acquiring right of way, pursuant to the request and authorization of the State Highway Department. The statutes clearly recite that "all further improvement" with "Federal aid" shall be made "under the exclusive and direct control of the State Highway Department" and "with appropriations made by the Legislature out of the State Highway Fund." (Emphasis ours). Both Article 6674d and 6674q-4 state that "Surveys, plans, specifications, and estimates" are to be "made, prepared and paid for by the State Highway Department." Thus, all of the statutes that pertain to highway improvement and planning specifically exclude the counties, save for their limited role in acquiring right of ways. Therefore, a county is not authorized to expend county funds to carry on a continuing comprehensive transportation plan or survey to acquire approval for federal funds for the construction of highways in urban areas under the Federal Aid to Highways Act of 1962, either within or without the county.

## SUMMARY

A county is not authorized to expend county funds in cooperation with the federal, state and city governments to carry on a continuing comprehensive transportation plan or survey in order to acquire approval for federal funds for the construction of highways in urban areas under the Federal Aid to Highways Act of 1962, either within or without the county.

Yours very truly,

WAGGONER CARR
Attorney General

By Roy B. Johnson

Roy B. Johnson
Assistant

RBJ:sj

Hon. James E. Jeffrey, page 6 (C-302)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Gordon Cass
Roger Tyler
Sam Lane

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone